## HUMBLE OIL & REFINING CO. v. KISHI.
### (No. 682–4235.)

(Commission of Appeals of Texas, Section A.
Oct. 21, 1925.)

**1. Mines and minerals ⬅️48—Oil in place under land is "real estate."**

Oil in place under land is "real estate."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate.]

**2. Mines and minerals ⬅️51(1)—Exclusive right to enter on land, drill wells, and remove oil, for consideration, is property right which law will protect.**

The exclusive right to enter on land, drill wells thereon, and remove therefrom the oil to exhaustion, paying therefor a portion of the oil when extracted, or the equivalent of such portion, is a property right which the law will protect.

**3. Mines and minerals ⬅️51(1)—Entry by lessee after his right to do so under lease terminated constituted trespass and ouster.**

Where the right of a lessee to go on lessor's land to drill for oil expired under lease, act of lessee in entering land, and excluding lessor from the land in order to drill well over the protest of lessor held a trespass and ouster.

**4. Mines and minerals ⬅️51(5)—That one of two lessors consented to wrongful entry of lessee held not to affect damages of nonconsenting lessor.**

That one of two lessors consented to wrongful entry of lessee to drill for oil held not to affect damages of nonconsenting lessor.

**5. Mines and minerals ⬅️51(5)—Lessor owning three-fourths interest in oil and mineral rights held entitled to three-fourths of market value of leasehold interest as damages for lessee's wrongful entry to drill oil.**

Lessor's owning three-fourths interest in oil and mineral rights held entitled to three-fourths of market value of leasehold interest as damages for lessee's wrongful entry to drill oil.

**6. Mines and minerals ⬅️51(3)—Proof of market value of leasehold interest held sufficient on which to determine damages sustained through lessee's wrongful entry.**

Proof of market value of leasehold interest held sufficient on which to determine amount of damages sustained by lessor through lessee's wrongful entry.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by K. Kishi against the Humble Oil & Refining Company. From a judgment for nominal damages, plaintiff appealed to the Court of Civil Appeals, which reversed (261 S. W. 228), and both parties bring error. Judgment of Court of Civil Appeals reversed, and that of District Court reformed, and as so reformed affirmed.

E. E. Townes and John C. Townes, Jr., both of Houston, D. C. Bland, of Orange, and G. P. Dougherty, of Houston, for plaintiff in error.

Holland & Holland, of Orange, for defendant in error.

BISHOP, J. In this case both the Humble Oil & Refining Company and K. Kishi have filed applications for writs of error, and there is here presented for review the holding of the Court of Civil Appeals on all questions discussed in its opinion. 261 S. W. 228. We agree with the conclusion reached by the Court of Civil Appeals on all questions except its holding that proof of the market value of the leasehold interest in the land involved did not in law furnish the measure of damages which should be awarded, and only such statement of the case is here made as is deemed necessary to a discussion of this holding.

K. Kishi, the owner of all the surface and three-fourths undivided interest in the oil and mineral rights, and Isaac Lang, the owner of the remaining one-fourth interest in the oil and mineral rights of 50 acres of land in Orange County, Tex., executed to the Humble Oil & Refining Company a lease granting to it the exclusive right to enter upon said land and drill oil wells and take therefrom the oil. This lease was of date December 23, 1919, but was not signed and acknowledged by Lang until January 29, 1920, and was thereafter delivered to said Humble Oil & Refining Company. By its provisions it was to remain in force for no longer period of time than three years from its date, unless within said three years drilling for oil was commenced. No drilling was begun within the time provided, and the lease expired. After the expiration of this lease, in January, 1923, oil was found on an adjoining tract of land in a well drilled near this 50 acres. On January 23, 1923, the Humble Oil & Refining Company entered upon this 50 acres of land, and began drilling an oil well thereon, claiming the exclusive right to the leasehold interest therein. It claimed that the lease had not expired, and that under its terms it did not expire until three years after it was signed and acknowledged by Lang and delivered. Kishi protested against this entry, and advised the Humble Oil & Refining Company that he would hold it responsible for any damages that might accrue to him. Lang, however, consented to the entry under the claim made.

The Humble Oil & Refining Company remained in possession under this entry until it completed the drilling of the well, which resulted in the failure to find oil, and it relinquished possession on May 10, 1923. As a result of the discovery of oil on the adjoining tract of land, the leasehold interest in the 50-acre tract was of the market value

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of $1,000 per acre. At the time the Humble Oil & Refining Company relinquished possession, and thereafter the leasehold interest had no value by reason of the failure to find oil on this tract.

In suit by Kishi against the Humble Oil & Refining Company for damages sustained by him, the district court awarded him nominal damages in the sum of $1 only, holding that the amount of damages sustained by him was uncertain and not susceptible of proof. On appeal from this judgment the Court of Civil Appeals held that he was under the facts entitled to recover the actual damages occasioned by reason of the wrongful entry and ouster which was the value to him of his three-fourths undivided leasehold interest, but that proof of the market value of the entire leasehold interest was not in law sufficient upon which to base the amount of his recovery.

[1-4] Oil in place under the land is real estate. The exclusive right to enter upon the land, drill wells thereon, and remove therefrom the oil to exhaustion, paying therefor a portion of the oil when extracted or the equivalent of such portion, is a property right which the law protects. The Humble Oil & Refining Company, wrongfully claiming to own this right over the protest of Kishi, and excluding him therefrom, entered upon his 50 acres of land for the purpose of drilling the well. This was clearly a trespass and ouster. This right had a market value of $50,000, being $1,000 per acre. Had Lang not consented, and had he and Kishi joined in a suit to recover their damages for the wrongful entry, the measure of their damages would have been the market value of the leasehold interest which is here shown to be $1,000 per acre. Lang would have been entitled to one-fourth and Kishi to three-fourths of the amount recovered. We can conceive of no reason why Kishi should be permitted to recover either a larger or smaller amount, because it is shown that Lang consented to the entry.

[5, 6] The Humble Oil & Refining Company insists that it should not be required to pay as damages Kishi's proportionate share of the market value of this leasehold interest, because it entered upon the land in good faith, believing that its lease had not expired. Though it did so in good faith, without any intention to injure Kishi, it asserted a right it did not have. This right, at the time it was wrongfully asserted, had a market value. Had the oil company acquired this right by purchase before its entry, the presumption of law is that it would have been required to pay the market value therefor. Had it done so, Kishi would have been entitled to receive three-fourths of the market value of the leasehold interest. We think that in this case three-fourths of the market value of the leasehold interest was the measure of the damages which Kishi was in law entitled to recover, and that proof of the market value was in law sufficient upon which to determine the amount of judgment in his favor. Gulf, Colorado & Santa Fé Ry. Co. v. Cusenberry, 86 Tex. 529, 26 S. W. 43.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be so reformed as to allow K. Kishi judgment against the Humble Oil & Refining Company for the sum of $37,500, with legal interest, and, as so reformed, that the judgment of the district court be here affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of district court reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.