### C. T. Duke v. The State.

No. 10148.    Delivered February 16, 1927.

1.—Murder — Withdrawal of Rehearing — Granting of Pardon — Appeal Dismissed.

After the affirmance of this case, and pending his motion for a rehearing, appellant filed a motion to withdraw his motion for rehearing, reciting that he had been granted an unconditional pardon by the Governor. The state contends that a conviction is not final, so long as the case is pending on appeal or motion for rehearing, and that the pardon granted is invalid.

2.—Same—"After Conviction"—Defined.

Our constitution, Sec. 11, Art. 4, empowers the Governor, "after conviction," to grant reprieves, commutations of punishment and pardons. In its relation to the power to pardon, the term "conviction" refers to a verdict of "guilty" by a jury and is not restricted to a final judgment on such verdict. See Ruling Case Law, Vol. 20, p. 530. Also Art. 773, C. C. P., 1925.

3.—Same—Abandonment of Appeal—Rule Stated.

The accused has the right to abandon his appeal, and the withdrawal of the motion for rehearing is in effect an abandonment of his appeal. If,

after the withdrawal of his appeal, the appellant should be taken into custody on the theory that the pardon is invalid, the legal question of its validity might be presented on an application for a writ of habeas corpus.

Appeal from the District Court of Marion County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for murder, penalty life imprisonment.

Appellant's motion to withdraw his motion for a rehearing is granted.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

### ON MOTION TO WITHDRAW REHEARING.

MORROW, PRESIDING JUDGE.—A judgment of affirmance was entered on October 6, 1926, and appellant's motion for rehearing was filed on the 21st of October, 1926. On the 26th of January, 1927, appellant filed a motion to withdraw his motion for rehearing reciting that he has been granted an unconditional pardon. His request for permission to withdraw is opposed by state's counsel upon the ground that the constitution does not sanction the granting of a pardon until after conviction, and that by the term "conviction" as used in the constitution, is meant final conviction, and that a conviction is not final so long as the case is pending upon appeal or upon motion for rehearing. In some sense the term "conviction" implies the verdict of a jury upon which a judgment has been rendered by the trial court and also by the appellate court when an appeal is prosecuted. See Arcia v. State, 26 Tex. Crim. App. 193, especially p. 205; also Vernon's Crim. Stat., 1916, Vol. 1, p. 22, and cases collated.

Section 11, Article 4 of the constitution contains the following language with reference to the power of the Governor to grant pardons:

"In all criminal cases, except treason and impeachment, he shall have power *after conviction,* to grant reprieves, commutations of punishment and pardons; and under such rules as the legislature may prescribe, he shall have power to remit fines and forfeitures."

Concerning the meaning of the term "conviction," much is to be found in the law books. According to the weight of the precedents, it seems, in its relation to the power to pardon, that the term "conviction" refers to a verdict of "guilty" by a jury and

is not restricted to a final judgment on each verdict. Ruling Case Law, Vol. 20, p. 539.

In Art. 773, C. C. P., 1925, touching the sentence, and the reasons that may be interposed against the sentence, it is said:

"That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged."

The appeal is a voluntary matter, and the accused has the right to abandon his appeal. The withdrawal of the motion for rehearing is in effect an abandonment of the appeal, leaving the judgment, in its legal effect as though no appeal had been prosecuted. If, after the withdrawal of the motion and the dismissal of the appeal, the appellant should be taken into custody on the theory that the pardon was invalid, the legal question might be presented upon an application for a writ of habeas corpus, but as the matter now stands before this court, the validity of the pardon is not involved. Therefore the judgment of affirmance is withdrawn, as well as the motion for rehearing, and the appeal is dismissed.

*Appeal dismissed.*