## HUMBLE OIL & REFINING CO. v. KISHI.
### (No. 682–4233; Motion No. 6984.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

1. **Mines and minerals ⊚⟶51(1)—Lessee of oil rights, entering land after termination of right to enter, held liable to nonconsenting lessor.**

Lessee of oil rights, entering land with consent of one lessor after termination of right to enter, *held* liable in damages to nonconsenting lessor.

2. **Appeal and error ⊚⟶932(1)—Appellate court will not presume that three-fourths undivided interest in leasehold is worth three-fourths of value of leasehold per acre, in absence of specific finding by trial court.**

Where amount of damages to be awarded for destroying value of colessor's property was value of three-fourths undivided interest in leasehold estate worth $1,000 per acre, appellate court will not presume, in absence of specific finding by trial court, that such interest was worth three-fourths of $1,000 per acre.

3. **Mines and minerals ⊚⟶51(3)—Evidence as to whether colessor was offered or would have accepted specific amount for interest he was entitled to recover held unnecessary to prove measure of damages.**

Where colessor was entitled to recover value of three-fourths interest in leasehold estate for act of lessee in entering after termination of right, evidence as to whether he was offered any specific amount or would have accepted such offer is not necessary to proof of legal measure of damages.

4. **Mines and minerals ⊚⟶51(5)—Damages for wrongful entry in denial of colessor's rights are measured by loss in value of latter's interest.**

Where lessee entered land in denial of colessor's rights, amount of latter's damages is measured by loss in value of his leasehold interest caused by such wrongful conduct.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On second motion for rehearing. Motion granted and former judgment set aside.

---

For former opinions, see 276 S. W. 190, and 261 S. W. 228.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiff in error.

Weldon & McDonald, of Wichita Falls, for defendant in error.

BISHOP, J. [1] The Humble Oil & Refining Company insists that the holding made in our original opinion (276 S. W. 190) denies to a cotenant the right to the use and enjoyment of the land owned in cotenancy. No such holding was intended, and we think the opinion makes it clear that no such holding is made. The entry upon this land as a cotenant of Kishi would have been lawful and would have occasioned no injury to Kishi's right to the value of his property. The entry made upon this land was unlawful, not because the company had no right to make entry, but because the entry made was in denial of Kishi's right. The character of the entry made was unlawful, and was the sole cause of the injury complained of. The company had no right to deprive Kishi of the value of his property by making the unwarranted claim that the lease theretofore executed by him gave it the right of entry, and its entry under this claim was wrongful. This wrongful act destroyed the value of Kishi's property, and the company should be required to respond in damages for the injury resulting from its unlawful act.

[2-4] We have concluded that the recommendation made in our opinion that the judgment of the court of Civil Appeals (261 S. W. 228) be reversed was erroneous. Both the trial court and the Court of Civil Appeals found that the leasehold value of the land was $1,000 per acre. A three-fourths undivided interest in the leasehold estate may or may not have been three-fourths of $1,000 per acre. The fact that it was an undivided interest may have affected its value. There is no proof in the record showing the value of this interest other than that the leasehold estate as a whole was of the value of $1,000 per acre. From the proof of this value, we think the trial court could have inferred that an undivided three-fourths interest was three-fourths of $1,000 per acre, and, had the trial court so found, we think this finding would have been binding on the appellate courts. However, we have concluded that an appellate court is not warranted in indulging in this inference in the absence of a specific finding to this effect by the trial court. The value of Kishi's three-fourths undivided interest in the leasehold estate was the amount of the damages he was entitled to recover, and evidence as to whether he was offered any specific amount, or would have accepted such offer, is not necessary to the proof of the legal measure of damages. No such evidence was adduced on the trial, and we are not here deciding whether such evidence would be admissible if offered as material to the establishment of the value of Kishi's interest. The amount of his damages is measured by the loss in the value of his leasehold interest caused by the wrongful conduct of which complaint is made.

We recommend that the judgment heretofore rendered be set aside and that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed, with direction that the district court ascertain the amount of damages under the measure herein indicated and render judgment accordingly.

CURETON, C. J. Motion for rehearing granted, and judgment of the Supreme Court heretofore entered set aside, and the judgment of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, with instructions, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.