## HUMBLE OIL & REFINING CO. v. KISHI.
### (No. 1603.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 15, 1927.

Rehearing Denied Nov. 23, 1927.

1. **Appeal and error ⇐1212(4)—Remand of case with directions to ascertain damages held to limit district court, on retrial, to question of damages only.**

In action for damages for trespass in which Court of Civil Appeals reversed judgment for plaintiff and remanded case, affirmance by Supreme Court of judgment for reversal and remand, "with direction that district court ascertain the amount of damages under the measure herein indicated," *held* to limit authority of district court, on retrial of case, to single issue of amount of damages.

2. **Appeal and error ⇐1212(4)—Under remand with instructions, only issues authorized by mandate can be tried.**

Where case is remanded with instructions, authority of trial court is limited and no issue can be tried except under authority of mandate.

3. **Evidence ⇐543(3)—Witnesses qualified to testify as to market value of leasehold held competent to give opinion as to market value of three-fourths undivided interest therein.**

In action for trespass by owner of undivided three-fourths interest in oil lease, witnesses qualified to testify as to market value of leasehold interest as a whole *held* competent to testify as to market value of plaintiff's three-fourths interest, though such witnesses had little or no experience as to sales of undivided interests in such property.

4. **Evidence ⇐543(3)—Witness competent as to real estate values as a whole may state value of undivided interest without experience in sale thereof.**

Witness, who is competent to testify as to real estate values as a whole, may state value of undivided interest in property, although he is without experience in sale of such interests.

5. **Evidence ⇐543(3)—Testimony of expert as to value of three-fourths interest in leasehold held admissible, where court had authority to find value of undivided interest from proof of value of entire leasehold.**

Where trial court was authorized to determine value of three-fourths interest in leasehold from testimony as to value of leasehold interest as a whole, testimony of experts, qualified to speak as to value of leasehold interest as a whole, was competent as to value of three-fourths undivided interest therein.

6. **Evidence ⇐113(6)—Testimony that land was not of uniform value, unaccompanied by testimony as to value of leasehold interest, held inadmissible, in action for trespass by holder of undivided interest in oil lease.**

In action for trespass by holder of undivided three-fourths interest in lease of oil lands, testimony that land was not of uniform value, unaccompanied by statement of witness fixing value of leasehold interest, *held* inadmissible.

7. **Evidence ⇐113(6)—Evidence of relative value of oil lease and an undivided interest therein held inadmissible, where relative value of plaintiff's three-fourths interest in lease was not shown.**

In action for trespass by owner of undivided three-fourths interest of oil lease, testimony as to relative value of leasehold interest as a whole and an undivided interest therein *held* inadmissible, where value of three-fourths undivided interest was not fixed, and testimony did not relate to relative value of three-fourths interest as compared with whole.

8. **Appeal and error ⇐499(3)—Bill of exceptions, merely showing exclusion of evidence on objection without showing objections urged, is insufficient.**

Bill of exceptions, which merely shows that evidence was offered and excluded on objection without showing objections urged, is insufficient to present court's ruling for review.

9. **Evidence ⇐142(1)—Evidence of price paid for specific property in same oil field held inadmissible on issue of market value of leasehold.**

In action for trespass by holder of undivided interest in oil lease, evidence of price paid

for specific property in the same field *held* inadmissible on issue of market value of leasehold interest in question, irrespective of relation between such property and property involved in case.

**10. Evidence ⚖️142(1)—Market 'value cannot be established by showing sale price of other property.**

Evidence of sale price of other property is not admissible to establish market value.

**11. Trial ⚖️355(2)—Answer to question submitted as to market value per acre of plaintiff's undivided interest in leasehold of "$562.-50 per acre" held not ambiguous.**

In action by holder of undivided interest in oil lease for trespass, verdict of jury of "$562.-50 per acre," in answer to question of market value per acre of plaintiff's interest in 50-acre tract, *held* not ambiguous.

**12. Judgment ⚖️253(1)—Petition which failed to claim additional recovery over alleged market value of leasehold interest, claimed to have been destroyed, held insufficient to support interest on damages prior to judgment.**

Petition in action for trespass to leasehold, fixing value of leasehold estate in oil lands at $150,000 and claiming damages in like amount without claim for additional sum sufficient to cover interest, *held* insufficient to support judgment awarding interest on damages from date of trespass to date of judgment.

**13. Damages ⚖️153—Damages claimed in petition should be laid in sufficient amount to cover loss, plus interest thereon to time of trial.**

When interest, as damages, is sought, it need not be especially pleaded, but damages claimed in pleadings must be laid in sufficient amount to cover loss at time of accrual of cause of action and interest from that date to time of trial.

**14. Trial ⚖️351(2)—Plaintiff should request charge submitting question of damages to jury.**

It is duty of plaintiff to request charge submitting to jury question of amount of damages suffered by him.

**15. Trial ⚖️351(2)—Plaintiff seeking damages for trespass, who failed to require submission of issue of interest to jury, waived issue of interest on damages.**

Where plaintiff litigated issue as to amount of damages recoverable from trespass to leasehold interest in oil lands without requesting submission of question of right to interest to jury, issue of interest on damages from date of tort to date of judgment was waived.

**16. Appeal and error ⚖️1212(4)—Under mandate remanding case with directions for ascertaining damages, trial court and Court of Civil Appeals were without jurisdiction to determine issue of plaintiff's right of action.**

Where Supreme Court remanded case for trial in district court with direction to ascertain amount of damages, both trial court and Court of Civil Appeals were without jurisdiction on second trial to consider question of

plaintiff's right of action, and mandate of Supreme Court, if error, could be corrected only by Supreme Court itself or by Commission of Appeals under its authority.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by K. Kishi against the Humble Oil & Refining Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

G. P. Dougherty and Andrews, Streetman. Logue & Mobley, all of Houston, for appellant.

E. L. Reid, of Orange, and Geo. E. Holland, of Beaumont, for appellee.

WALKER, J. Appellee sued appellant in the district court of Orange county, alleging that he had suffered certain damages by reason of a trespass committed by appellant upon an undivided three-fourths interest in 50 acres of land in the Orange oil field. He pleaded that he owned this interest, that appellant owned the remaining one-fourth interest, and that appellant went upon the land denying appellee's right of entry, ousting appellee, and causing him great damages. We quote as follows from appellee's petition:

"That at the time the defendant so took possession of said property and ousted plaintiff therefrom and withheld the possession thereof from plaintiff, the same had a market value for lease purposes upon the same terms and conditions as contained in the lease attached hereto of $3,000 per acre or $150,000 rental, and this plaintiff could have leased said property upon the same terms and conditions as contained in said lease for said sum and price, and could have and would have received said sum. and price therefor upon said terms and conditions but for the conversion of same and wrongful acts of defendant as hereinabove shown, and because of said wrongful acts of defendant and its conversion of said property as hereinbefore shown this plaintiff has been damaged in said sum of money, to wit, $150,000.

"That said sum could have been received from. a rental of said lands upon the same terms and conditions as are specified in the lease hereto attached, and this plaintiff would have had, in addition to said sum of money, the other rights. and privileges and all of same contained in said lease, and is entitled thereto and entitled to have said rights established in him as to all future uses of said lands as valid subsisting rights. and conditions.

"Plaintiff prays that defendant be cited as the law directs to answer this petition, and that on trial hereof he have judgment for his said damages, and that by judgment of the court all rights and privileges contained in said lease be established in him and the full terms of said lease to be made effective as between this plaintiff and defendant as to all future uses of said land, and that said judgment order the payments. of said sum of money to plaintiff by defendant, together with an accounting according to the terms of said lease, and that he have judgment

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for interest, said damages, costs of suit, and for general relief."

This is the second appeal. The opinions upon the former appeal are reported as follows: Kishi v. Humble Oil & Refining Company, 261 S. W. 228 (by this court) 276 S. W. 190 (original opinion by Commission of Appeals); and 291 S. W. 538 (opinion on rehearing by Commission of Appeals). A full detailed statement of the facts and issues involved is given in the opinions on the former appeal, to which we refer. This court reversed the case and remanded it for a new trial, announcing the law upon which we thought it should be tried. The Supreme Court granted a writ of error against our judgment, and, the case having been referred to the Commission of Appeals, our judgment was reversed and judgment there rendered for appellee against appellant for the sum of $37,500. 276 S. W. 190. On rehearing (291 S. W. 538), the Commission of Appeals reversed its judgment and remanded the cause for a new trial, under the following instructions:

"We recommend that the judgment heretofore rendered be set aside and that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed, with direction that the district court ascertain the amount of damages under the measure herein indicated and render judgment accordingly."

On this judgment mandate duly issued in part as follows:

"It is therefore ordered, adjudged, and decreed that the judgment of the Court of Civil Appeals reversing and remanding be affirmed and the cause be remanded to the district court for further proceedings in accordance with the directions as contained in the opinion herein delivered."

When the case was again called for trial in the district court, under the mandate of the Supreme Court, appellant insisted that the remand was general, and asked permission to try again all issues made by the pleadings. This request was refused, the trial court holding that the reversal was limited, and that only "the amount of damages" was involved. The evidence was confined to that issue, which was submitted to the jury by the following question, being the only question submitted, and answered as indicated:

"What do you find from a preponderance of the evidence to be the market value per acre, if any, of the plaintiff, K. Kishi's three-fourths undivided interest in the leasehold estate in the land described in plaintiff's petition, on January 23, 1923?

"State the amount you so find, if any, in figures."

The jury answered this issue:

"To question No. 1 we answer $562.50 per acre."

On this verdict the trial court determined the amount of appellees' damages by multiplying the value per acre, as found by the jury in the sum of $562.50, by 50 acres, the amount of land in which appellee owned an undivided three-fourths interest. Interest was allowed on this sum at the rate of 6 per cent. per annum from the date of the trespass to the date of judgment, making the total award $35,437.50, with interest thereon at 6 per cent. per annum from date of judgment.

### Opinion.

[1, 2] The trial court did not err in its construction of the opinion of the Commission of Appeals and the mandate thereon remanding this case for a new trial. It is clear to us that the reversal was limited, and under the instructions of the Supreme Court only the issue of "the amount of damages" could be relitigated. This follows from the language of the remand, as given, supra. The language of the mandate quoted above is not in conflict with the judgment of the court, as expressed in the opinion. While the remand by this court was general, leaving all issues open for retrial, the judgment affirming our reversal limited the retrial to "further proceedings in accordance with the directions as contained in the opinion herein delivered." Being a remand with instructions, the authority of the trial court was limited, and no issue could be tried except under the authority of the mandate. Wood v. Wheeler, 7 Tex. 13; Wall v. McConnell, 65 Tex. 397; McConnell v. Wall, 67 Tex. 352, 5 S. W. 681; Harris v. Hamilton (Tex. Com. App.) 221 S. W. 273; Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684; Harrell v. Nalle (Tex. Civ. App.) 254 S. W. 1027; Harrell v. Nalle (Tex. Civ. App.) 294 S. W. 963; Day v. Needham, 2 Tex. Civ. App. 680, 22 S. W. 103; Donada v. Power (Tex. Civ. App.) 186 S. W. 871.

The mandate of the Supreme Court did not leave open the issue of "proximate cause." The Supreme Court directly held and affirmed the holding (291 S. W. 539) that:

"The entry made upon this land was unlawful, not because the company had no right to make entry, but because the entry made was in denial of Kishi's right. The character of the entry made was unlawful, and *was the sole cause of the injury complained of. * * * This wrongful act destroyed the value of Kishi's property, and the company should be required to respond in damages for the injury resulting from its unlawful act.*" (Italics ours.)

[3, 4] The Supreme Court withdrew its original judgment rendering judgment for Kishi on the basis of three-fourths of $1,000 per acre, as found by the trial court, on the ground that a three-fourths undivided interest might not be worth three-fourths of the value of the entire interest. On this trial appellee introduced the witnesses Lee Woodworth and E. E. McFarlane to testify as to

the market value of the leasehold interest in question. Beyond controversy these witnesses were qualified to testify as to the market value of the leasehold interest as a whole on the 50 acres in controversy. Appellant objected to the testimony of these witnesses on the ground:

"Because it does not appear that the witness was qualified to answer the question as to the market value of the undivided three-fourths interest in the property owned by plaintiff; further, because the question is not limited to the particular time in question; and further, because such is the mere opinion of the witness, not based on knowledge of sales of such interest."

On the issue of value of a lease on a three-fourths undivided interest on the land in controversy, the witness Woodworth testified:

"Prior to that time, or at the time, or about the time that this well came in, I don't think there was an undivided interest being sold in the Orange field in a lease where the owner of the other undivided interest was in possession and drilling a well on it."

Over appellant's objection as just given, this witness was permitted to testify that, in his opinion, the market value of a lease on a three-fourths undivided interest was:

"For three-fourths, I would say $2,200 or $2,300 for a three-quarter interest, per acre."

Over the same objection, the witness McFarlane testified:

"An undivided three-fourths interest, I estimate the value at $1,200 or $1,100; that is, per acre."

McFarlane's qualification on the issue of the lease of an undivided interest was as follows:

"I knew of a sale of a lease in the Orange oil field prior to that time, on 5 acres—Kishi-Lang. I believe that was an undivided interest. Yes; an undivided interest in 5 acres. I had the lease at one time, and it was sold after I gave it up, and I believe that was an undivided interest. I believe the royalty provided for was one-eighth on pumping wells, and one-sixteenth on flowing wells. I don't know the terms, only the price and acreage. As to whether that is the only sale of an undivided interest in a lease that I know of, well, I heard of that one that was testified about a few minutes ago by Mr. Woodworth. When you suggest that you are talking of my own knowledge—well, not in that vicinity at that time."

The testimony of these witnesses was admissible. On this issue, the rule is thus stated by 22 C. J. 698:

"A witness who is competent on real estate values as a whole may state the value of an undivided interest, although he is without experience in the sale of such interests."

See, also, In re Smith, 261 Pa. 55, 104 A. 493; White v. Allegheny Railway Company, 222 Pa. 534, 71 A. 1081.

[5] These authorities are not needed to sustain the ruling of the court, as this evidence was admissible under the opinion of the Commission of Appeals reversing and remanding this cause for new trial. It was there said (291 S. W. 539):

"There is no proof in the record showing the value of this interest other than that the leasehold estate as a whole was the value of $1,000 per acre. From the proof of this value, we think the trial court could have inferred that an undivided three-fourths interest was three-fourths of the $1,000 per acre, and, had the trial court so found, we think this finding would have been binding on the appellate courts."

This is a direct holding that the trial court on proof of the value of a leasehold interest on the land as a whole could have found the value of a leasehold on an undivided three-fourths interest. If the trial court could make this conclusion on evidence relating to the value of the leasehold interest as a whole, then an expert witness, qualified to speak as to the value of the leasehold interest as a whole, could testify as to the value of a three-fourths undivided interest therein. Humble Oil & Refining Company v. McLean (Tex. Com. App.) 280 S. W. 557, is not in point. There it was held that the witness was not qualified on the issue directly involved. Here the Supreme Court held that the qualification of the witness on the issue directly involved could be determined by his qualification on the value of the leasehold interest as a whole, and the authorities cited by us sustain that holding.

[6] The court did not err in excluding the testimony offered by appellant, to the effect that the land was not of uniform value. The witnesses offered testified that they knew the location and situation of the 50 acres, its surroundings, and its possibilities as oil-bearing property, the development of the surrounding property, and other facts qualifying them to testify as to market value. That the land was not of uniform value was an element entering into its value as a whole, which was the issue before the jury. The evidence offered by appellant would have been without weight and could not have aided the jury in answering the question submitted, unless appellant's witness had gone further and fixed the value of the leasehold interest in question. The fact that the land was not of uniform value was a circumstance to be considered by an expert witness in fixing the value of the leasehold interest as a whole.

[7, 8] The court excluded evidence offered by appellant as to the relative value of the leasehold interest as a whole and an undivided interest therein. This ruling was not error for these witnesses did not propose to fix the value of a three-fourths undivided interest in the leasehold in question, nor did they relate their testimony to the relative value of the three-fourths undivided interest, as com-

pared with the whole interest. As presented, this evidence was nothing more than a circumstance to be considered by the expert witnesses in fixing the value of the leasehold interest in question. But apart from that, the bill of exceptions does not show error. It goes no further than to show that the evidence was offered and excluded on appellee's objection, without showing the objections urged. This is insufficient. American National Insurance Company v. McKellar (Tex. Civ. App.) 295 S. W. 628. The court might have excluded the evidence on the ground that as offered it was without probative force before the jury.

[9, 10] The price paid for specific property in the Orange oil field was not admissible on the issue of market value of the leasehold interest in question, and that without reference to the relation that such specific property and its sale price bore to the property in question. Market value cannot be established by showing the sale price of other property. 10 Texas & Southwestern Dig. Evidence, ☞ 113 (5) (8). In Railway Company v. Scholz (Tex. Civ. App.) 44 S. W. 560, it was said:

"Nor is the value of lots in the same neighborhood admissible to show the value of the lot in question. But, if the witness testifying knows the value of surrounding property, he may consider the same in forming an estimate of the value of the property in controversy; and he may be questioned on cross-examination as to property in the same neighborhood similarly situated, to test his knowledge and judgment as to the value."

See, also, Crass v. Adams (Tex. Civ. App.) 175 S. W. 510.

[11] The verdict of the jury was not ambiguous. Under the submission as made, the trial court properly ascertained appellee's damages by multiplying the value per acre of the undivided interest by the number of acres in controversy.

[12, 13] The trial court erred in allowing appellee interest on the damages found by the jury from the date of trespass to the date of judgment. This issue was not involved in appellee's petition. He stated a cause of action for interest only from the date of the judgment. By his pleadings he fixed the value of the leasehold estate destroyed by appellant's wrongful act at $150,000. Under this allegation, had the jury found the value of the leasehold interest to be in the sum pleaded, that is, in the sum of $150,000, the judgment could not have exceeded that sum, since that was the full measure of the relief prayed for, and there would have been no allegation upon which the trial court could have added interest to that sum. The rule is thus stated in Southern Gas & Gasoline Engine Co. v. Adams & Peters (Tex. Com. App.) 227 S. W. 945:

"When interest, as damages, is sought, it need not be specially pleaded to be recovered, but 'the damages claimed in the pleadings must be

laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest * * * from that date to the time of the trial.' S. A. & A. P. Ry. v. Addison, 96 Tex. 61, 70 S. W. 200."

In St. Louis Southwestern Ry. Co. v. Seale & Jones (Tex. Com. App.) 267 S. W. 676, it was said:

"It is the well-settled law of this state that this item of interest between October 24, 1917, and April 18, 1921, is not interest eo nomine, but, if recoverable at all, can be so recovered only by way of damages. See Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Ry. Co. v. Mathews, 108 Tex. 228, 191 S. W. 559; Ry. Co. v. Lyon, 112 Tex. 30, 245 [243] S. W. 973; McDaniel v. Laundry Co., 112 Tex. 54, 244 S. W. 135; Lumber Co. v. Henderson (Tex. Com. App.) 252 S. W. 1044."

In the absence of a special plea for interest as damages, the appellee in claiming his damages should have fixed a sum in excess of the alleged actual value of the property destroyed sufficient to include interest; that is, in addition to claiming the $150,000 actual damages, he should have claimed a sum sufficient to cover the interest. Had he done so and then prayed for interest as he, in fact, did, his petition would have sustained a judgment for interest from the date of the trespass. But as he had no such plea, his petition is insufficient to support the judgment for interest from the date of the trespass to the date of the judgment.

[14, 15] But had the pleading been sufficient, the judgment has no support in the jury's verdict. The jury fixed appellee's damages at $562.50 per acre. Under the mandate of the Supreme Court, "the amount of damages" was the only issuable fact. The trial court, with the consent and acquiescence of appellee, submitted that issue to the jury in a form that excluded interest. It was the duty of appellee to request a charge submitting to the jury "the amount of damages" suffered by him. If he claimed interest from the date of the tort, he should have requested the submission of that issue. Having litigated the issue as to the "amount of damages," and having had a submission to the jury and a verdict thereon, it must be held that appellee waived the issue of interest from the date of the tort to the date of the judgment. This proposition was directly held, with the approval of the Supreme Court, in Southern Gas & Gasoline Engine Company v. Adams & Peters, supra; Railway Company v. Seale & Jones, supra; and Morriss v. Hesse (Tex. Com. App.) 231 S. W. 317.

[16] Appellant has briefed, with much care and ability, propositions based upon the trial court's refusal to reopen the case on all issues involved in the pleadings. By these propositions, it asserts that under the evidence tendered (a) appellant committed no actionable wrong; (b) its acts were in good

faith and not tortious; (c) the facts proved did not .constitute a trespass nor slander .of title; (d) a written contract passing title to land does not become effective until delivered, and as appellant held a lease on the land under appellee which had not, in fact, lapsed, all its acts were justified and within the terms of its written lease; and (e) the damages claimed were not the proximate result of the wrongful acts alleged. These propositions, together with many others advanced on this appeal, were all involved on the former appeal and decided against appellant, both by us and the Commission of Appeals. Under the mandate of the Supreme Court, both the trial court and this court are without jurisdiction to entertain appellee's propositions. If error has been committed, it cannot be corrected by us, but only by the Supreme Court itself or the Commission of Appeals under authority of the Supreme Court.

From what we have said, the judgment of the trial court must be reformed and affirmed.

It is our order that the judgment of the trial court be reformed, and that appellee recover his damages in the sum of $28,125, the value of his undivided three-fourths interest in the leasehold estate on the 50 acres, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, and as so reformed the judgment of the trial court is affirmed.