CURTIS SQUYRES v. THE STATE.

No. 17278. Delivered October 17, 1934.
Appeal Reinstated December 12, 1934.
Reported in 77 S. W. (2d) 219.

The opinion states the case.

*H. A. C. Brummett,* of Dickens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to rape, punishment assessed at ten years in the penitentiary.

Appellant has filed his affidavit with this court advising that he does not further desire to prosecute his appeal, and at his request the same is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The record reached this court and was filed on October 4, 1934. On the 5th of that month appellant filed a motion to dismiss the appeal. No reason for the request was stated in the motion, which was granted and the appeal dismissed on October 17, 1934. On the 26th of October, appellant filed a motion to reinstate the appeal which was verified by his oath. It is stated in the motion in substance that he was prompted in requesting a dismissal of his appeal by the fact that he was unable to raise money with which to pay for the statement of facts and other circumstances incidental

to the appeal. The motion further states that after the order of dismissal was entered appellant found means of procuring a statement of facts, and for that reason he requested that the appeal be reinstated and considered upon its merits.

On the 7th of November, 1934, there was filed in the court a statement of facts which appears to be duly verified by the trial judge. The appellant's motion for new trial was overruled on the 15th day of September, 1934, and he was allowed sixty days from that date within which to prepare and file the bills of exception and statement of facts. Therefore the statement of facts was filed in time to receive consideration upon the reinstatement of the appeal.

The case of Duke v. State, 291 S. W., 539, is one in which the judgment was affirmed on October 6, 1926. Appellant's motion for rehearing was filed on the 21st of that month. On January 26, 1927, a motion to withdraw the motion for rehearing was filed by the appellant, as he had been granted an unconditional pardon. His request for withdrawal was opposed by counsel for the State upon the ground that the Constitution does not sanction the granting of a pardon until after final conviction. The case terminated with the conclusion that since appellant had been pardoned, the judgment of the court, as well as the motion for rehearing, would be withdrawn and the appeal dismissed.

In the case of Davis v. State, 290 S. W., 1097, the appeal was dismissed at the request of the appellant, and after the expiration of more than fifteen days (which is the time allowed for a motion to reinstate the appeal), he filed a motion for rehearing which was denied. See also Story v. State, 27 S. W. (2d) 204, and Story v. State, 27 S. W. (2d) 204, 205.

The general rule prevails that the Court of Criminal Appeals has authority over its judgments during the term, which includes the discretion to reinstate an appeal when the court is satisfied from the circumstances that the ends of justice would be subserved by granting the motion.

In the present instance, Winnie Marshall, the alleged injured party, testified in substance as follows: She was seventeen years of age and was living with her parents in the community in which she had resided all her life; that she was acqainted with the appellant and had her first date with him on June 5, 1934; that she attended a dance in the town of Spur at night. After dancing with the appellant, he suggested that they go to a cafe and get a cold drink. They walked to the cafe. Finding it closed, they went to another cafe, and at the appellant's sugges-

tion they rode in his car. After leaving the cafe, the appellant, over the protest of the prosecutrix, drove out into the country. She described in great detail her importunities with the appellant to desist from going into the country. He, in the meantime, was endeavoring to fondle her person. He finally stopped at a point off the main road some two miles from town. They remained there from early in the night until after three o'clock in the morning. He was endeavoring to have intercourse with her and she was resisting him with all her might. She was hollering and screaming in order to attract attention. He was exhibiting his private parts and using his utmost efforts to accomplish his purpose. She was resisting to the extent of her strength. The struggle ensued in the car. She ultimately escaped from the automobile and went through a fence and finally reached the home of one, Drennen. Sometime during her struggle she lost her slippers in the road. She was unable to tell when or how she had lost them. Upon reaching the farm house of Drennen, she found Mr. and Mrs. Edgar there and reported her plight and struggle to them. Her condition was reported to her brother who came and took her home. The prosecutrix was an unmarried female.

Appellant's testimony was to the effect that the prosecutrix was under the influence of intoxicating liquor and that he was endeavoring to shield her from exposure; that she threw her shoes away; that when he went to pick them up she fled; that she had gone but he did not know where to.

The prosecutrix was vigorously cross-examined and denied that she was drunk. She insisted that her story told the real facts.

Grover Drennen, the seventeen-year old son of W. W. Drennen, was previously acquainted with the prosecutrix. He slept at his father's home, which was some distance from the road. He retired and about midnight heard screams which sounded like those of a woman. Later the prosecutrix came to the home of his father. She appeared excited and nervous. He heard her relate to his mother that she had been assaulted by the appellant. His sister was there. Likewise was Andrew Edgar. The father of the witness telephoned for the brother of the prosecutrix who came and arrived about 2:30 or 3:00 in the morning.

Mrs. Andrew Edgar gave testimony to the effect that sometime after midnight the prosecutrix came to the Drennen home, where the witness heard a conversation between the prosecutrix and the mother of the witness to the effect that while riding with a boy he tried to overpower her and that she had escaped

from him. Her coat was torn in the back. Her sleeves were also torn. The witness saw no indication of the prosecutrix being under the influence of intoxicants. Similar testimony was given by the witness A. J. Edgar.

The brother of the appellant testified that after the arrest of appellant he (witness) had a conversation with the prosecutrix in which she gave testimony contradictory of her evidence upon the trial.

The mother of the appellant testified that she had no knowledge of the particular offense; that her son had previously gotten into some trouble, had been tried and given a suspended sentence.

Other witnesses testified to the good reputation of the appellant. Some of them gave testimony to the effect that the prosecurix had been drinking and that while at the dance a good many people were drinking; that on one occasion during the dance a witness saw the prosecutrix fall down but he did not observe her very closely.

Martin Lawson was at the dance. He gave testimony to the effect that the prosecutrix had been drinking.

Appellant testified in his own behalf and denied any assault upon the prosecutrix. He averred that he took her riding in his car with her consent; that he did not put his hands on her or make any kind of assault; that he had no intention of having sexual intercourse with her; that he made no request of her to do so; that after walking sometime she appeared to be getting sober. This was after they had gone to the place where the assault is charged to have taken place; that he stepped aside for a few moments and upon returning she abused him and told him to go and get her shoes; that while he was gone after her shoes she left. He had some trouble in finding the shoes and when he returned she was gone. He called her several times but received no response. He observed a house some 300 yards distant. He said he was absent from the car for about twenty minutes, and upon his return he remained for about ten minutes, after which he came to town.

In rebuttal the State introduced testimony to the effect that the prosecutrix was not drinking; that they had never known her to drink whisky or liquor; that her reputation for virtue and chastity was good.

A witness who danced with the prosecutrix during the night of the occurrence claimed that she was sober; that he saw no indication of her having been drinking; nor did he smell any liquor upon her breath.

.Several witnesses gave testimony to the effect that at the dance the prosecutrix was sober and showed no indication of being under the influence of intoxicants.

There are no bills of exception in the record.

There are some exceptions to the charge of the court which are not specific. The first exception was to the effect that if appellant assaulted the prosecutrix without the intent to use only force to overcome resistance, his offense, if any, would be simple assault.

Paragraph 7 is criticized as vague, uncertain and misleading, and fails to correctly state the law.

In the exception to the charge it is claimed that the evidence is insufficient to support the conviction. We do not find any fault in the charge. On the contrary, it was calculated to clearly and definitely inform the jury as to the rights of the appellant. It accurately described the degree of force necessary to constitute the offense. It applied the law of reasonable doubt in an adequate manner and explained that unless there was a specific intent to force the prosecutrix there could be no conviction; also if there was mere intent to use persuasion to obtain her consent there could be no conviction unless the jury found, beyond a reasonable doubt, that appellant intended to use such force as was necessary to overcome the resistance of the prosecutrix. The court charged on both aggravated assault and simple assault. He also charged on the law of suspended sentence and informed the jury that if appellant was under a suspended sentence same could not be considered by them as the case in which the sentence was suspended was on appeal. The court advised the jury that the indictment was no evidence of guilt and charged accurately upon the burden of proof.

The appeal is reinstated and the judgment is affirmed.

*Affirmed.*