GEORGIA JARRETT, ET AL, v. J. W. ROSS.

No. 7869. Decided July 1, 1942.
Rehearing overruled October 7, 1942.
(164 S. W., 2d Series, 550.)

 

*W. S. Moore,* of Gainesville, and *Phillips, Trammell, Estes, Edwards & Orn,* of Fort Worth, for plaintiffs in error.

*Cecil Murphy,* of Gainesville, for defendants in error.

*Dillon Anderson,* of Houston, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court plaintiffs in error, Georgia Jarrett and others, were awarded judgment for damages against defendant in error, J. W. Ross, in an action which was in form one of slander of title. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 146 S. W. (2d) 219.

When the writ of error was granted it was thought that questions involving the law of slander of title were involved, but upon a more mature consideration of the record it has been determined that no cause of action for damages for slander of title was pleaded. Before trial the plaintiffs abandoned all allegations of their petition, express or implied, that the defendant acted with malice. The effect thereof was to abandon their alleged cause of action for damages for slander of title, for malice is a necessary element of such an action. Humble Oil & Refining Co. v. McLean (Com. App.) 280 S. W. 557; Stovall v. Texas Co., 262 S. W. 152 (error refused) ; 33 Am. Jur., Libel and Slander, sec. 348.

Plaintiffs seek to uphold the judgment of the trial court upon the doctrine of Humble Oil & Refining Co. v. Kishi (Com. App.) 276 S. W. 190, 291 S. W. 538, 299 S. W. 687. The petition failed to allege a trespass by defendant and an ouster by him of plaintiffs in denial of their rights. Absent such allegations, the doctrine involved is not applicable. Shell Oil Co. v. Howth, 138 Texas 357, 159 S. W. (2d) 483.

Since the case must be retried, it becomes unnecessary for us to consider any other question discussed by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court July 1, 1942.

Rehearing October 7, 1942.