Paul PENDLEY, Appellant,

v.

C.W. BYROM et al., Appellees.

No. 11–85–194–CV.

Court of Appeals of Texas, Eastland.

Jan. 23, 1986.

Rehearing Denied Feb. 13, 1986.

Virgil T. Seaberry, Jr., Turner, Seaberry & Warford, Eastland, for appellant.

Stephen W. Holt, Smith, Carter, Rose, Finley & Hofmann, San Angelo, for appellees.

## Opinion

McCLOUD, Chief Justice.

The plaintiffs, C.W. Byrom, Leon C. Thompson, New Mexico Bank & Trust Company, Trustee for W.K. Byrom and Frankie M. Byrom, Jack Sherman and Pat Agnew, sued Paul Pendley seeking to recover out of the production from the Byrom-Everett No. 1 Well in Eastland County one-half of the cost of drilling and operating the well.[1] C.W. Byrom was the operator of the well, and the other plaintiffs were nonoperating "investor" working interest owners. In a nonjury trial, the court held for the plaintiffs and awarded them $73,011.98 to be paid out of the proceeds being held in escrow by the oil and gas

---

1. The Permian Corporation and EPX Company, purchasers of the oil and gas produced from the well, were also named as defendants because they were holding in escrow the proceeds attributable to Pendley's one-half leasehold interest.

purchasers and by C.W. Byrom.[2] Pendley appeals. We reverse and render.

The plaintiffs owned an undisputed $^{11}\!/_{24}$ths leasehold working interest in the property where the Byrom-Everett No. 1 Well was drilled. An additional $^{1}\!/_{24}$th unleased mineral interest was also undisputed. In November 1976, Pendley obtained an oil and gas lease from Ray Agnew and his wife covering the remaining one-half of the minerals. In May 1977, C.W. Byrom obtained a lease from the same lessors covering the same one-half mineral interest. Because the property description in the lease from the Agnews to Pendley was insufficient, Pendley filed a prior suit in June 1977 against his lessors to reform the lease in order to correctly describe the property covered in the lease.[3] C.W. Byrom intervened in the suit in February 1978. Byrom sought to have Pendley's lease declared void and removed as a cloud from Byrom's title. In June 1978, while the suit was pending, Byrom drilled the Byrom-Everett No. 1 Well. At all times during the drilling of the well, Byrom claimed that Pendley had no interest in the minerals. The trial court rendered judgment for Pendley, and the Agnews and Byrom appealed. This Court modified and affirmed the judgment of the trial court in an unpublished opinion. As a result of this Court's opinion, Pendley's one-half leasehold working interest was held to be valid, and the one-half leasehold working interest that Byrom received from the Agnews was held invalid.

In the instant case, the trial court held in its conclusions of law that "by virtue of their $^{11}\!/_{24}$ths working interest, plaintiffs had the right to drill the Byrom-Everett No. 1 Well and to produce oil and gas from the property." The court also held that "in drilling and operating the Byrom-Everett No. 1, plaintiffs were not trespassers against Defendant Pendley." In the trial court's findings of fact, the court found that the "plaintiffs acted in good faith in

drilling and operating the Byrom-Everett No. 1 Well."

On appeal, plaintiffs argue that the trial court correctly held that they were not trespassers. Plaintiffs urge the general rule that a cotenant has the right to develop his property without the consent of other cotenants, but the developing cotenant must account to the other cotenants on the basis of the value of the minerals taken less the necessary and reasonable cost of production and marketing. *Cox v. Davison*, 397 S.W.2d 200 (Tex.1965); *Burnham v. Hardy Oil Co.*, 147 S.W. 330 (Tex.Civ. App.—San Antonio 1912), aff'd, 195 S.W. 1139 (Tex.1917). These cases are distinguishable from the instant case because in *Cox* and *Burnham* the developing cotenant recognized the mineral interest rights of the other cotenants. In the instant case, the plaintiffs refused to recognize the mineral interest rights of Pendley. The statement of facts reflects the following:

Q. Until there was a final decision in that prior case, you [Byrom] and your other plaintiffs here were contending that Mr. Pendley's lease from the Agnews was invalid?

A. Yes, sir.

Q. You denied he had any interest?

A. Yes, sir.

Q. You went in and drilled that well knowing of his claim and denying his interest, didn't you?

A. Yes, sir.

■ A cotenant who denies the rights of another cotenant is a trespasser as to the disputed interest. In R. HEMINGWAY, THE LAW OF OIL AND GAS sec. 4.2 at 163 (1983), the author states:

[I]t may now be stated that in Texas where one enters, authorized by an owner of an undivided interest in the minerals, but wrongfully asserts a right to other undivided interests, he is a trespasser as to such interests.

---

2. The well was drilled in 1978 and produced oil and gas for approximately three years.

3. *Pendley v. Agnew*, No. 27,434 (Dist. Ct. of Eastland County, 91st Judicial Dist. of Texas, June 15, 1982).

In *Humble Oil & Refining Co. v. Kishi*, 276 S.W. 190 (Tex.Comm'n App.1925, judgment adopted), *rehearing granted*, 291 S.W. 538 (Tex.Comm'n App.1927, holding approved), Humble, the lessee, entered into a lease with the lessors, Lang and Kishi. Although the lease had expired, Humble entered upon the land with the consent of one cotenant, Lang, but without the consent of the other cotenant, Kishi. Humble claimed the "exclusive right to the leasehold interest therein." The court in *Kishi* held that Humble's entry was unlawful. The court stated:

> The entry upon this land [by Humble] as a cotenant of Kishi would have been lawful and would have occasioned no injury to Kishi's right to the value of his property. The entry made upon this land was unlawful, not because the company had no right to make entry, but because the entry made was in denial of Kishi's right.

*Humble Oil & Refining Co. v. Kishi*, 291 S.W. at 539.

■ We hold that the plaintiffs were trespassers, as a matter of law, as to Pendley's one-half leasehold working interest because the plaintiffs claimed to own all of Pendley's mineral interest. This claim was a denial of Pendley's rights.

The remaining question is whether the plaintiffs acted in good faith as to Pendley in drilling the Byrom-Everett No. 1 Well during the pendency of the prior litigation. The well established rule in Texas is that:

> [W]here one enters into possession of land and makes improvements thereon with full knowledge of the pendency of an action to enforce an adverse claim to the premises, he cannot be considered a trespasser in good faith so as to entitle him to recover the cost of his improvements.

*Houston Production Co. v. Mecom Oil Co.*, 62 S.W.2d 75, 77 (Tex.Comm'n App. 1933, judgment adopted); *Whelan v. Killingsworth*, 537 S.W.2d 785 (Tex.Civ.App.— Texarkana 1976, no writ); *American Trading and Production Corporation v. Phillips Petroleum Company*, 449 S.W.2d 794 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e.); *Humble Oil & Refining Co. v. Luckel*, 154 S.W.2d 155 (Tex.Civ.App.— Beaumont 1941, writ ref'd w.o.m.); *Liles v. Thompson*, 85 S.W.2d 784 (Tex.Civ.App.— El Paso 1935, writ dism'd).

■ Plaintiffs argue that the above cited cases are not controlling because they do not involve improvements made by a cotenant. The rationale of the cited cases is that a party cannot, as a matter of law, be a good faith trespasser when he enters and makes improvements on the property knowing that a suit is pending involving the validity of his claim. In the instant case, plaintiffs drilled the well during the pendency of the prior lawsuit which was to determine whether the plaintiffs or Pendley owned the one-half leasehold working interest purchased from the Agnews. When the plaintiffs drilled the well, they were asserting in the pending litigation that Pendley's lease was invalid. Therefore, the plaintiffs could not be in good faith, as a matter of law, as to Pendley.

We hold that the plaintiffs were bad faith trespassers as a matter of law. We reverse the judgment of the trial court and render judgment that the plaintiffs take nothing against Paul Pendley.

DICKENSON, J., not participating.