## PEEK *v.* McKINNEY.

Where upon interlocutory hearing of an equitable petition for injunction the court undertakes to pass and does pass an order and renders a judgment and decree final in its nature, instead of rendering a judgment appropriate to an interlocutory hearing, and that portion of his judgment rendered at the interlocutory hearing which is objectionable because of its final nature is so interwoven with the portions of the

order appropriate to interlocutory proceedings that they can not be separated therefrom so as to give force to the proper interlocutory injunctive order and disregard that part of the order which is final in its nature, the entire order will be set aside and another hearing granted.

NOVEMBER 19, 1910.

Injunction and receiver. Before Judge Fite. Whitfield superior court. February 14, 1910.

L. F. McKinney filed a petition for injunction, alleging, that he had bought from J. A. Farnsworth a certain farm upon which a dairy business was being carried on, together with all rights, members, and appurtenances thereunto belonging, including a lot of feed-stuff for cattle and stock; and asked that the court decree title to all of this property to be in the petitioner, that W. A. Peek, who was in possession of the property, be enjoined from remaining on or coming about said place, that the property and everything thereto pertaining be turned over to the plaintiff, and that general relief be granted. The defendant answered, denying that the plaintiff had purchased any of the property; setting up a written contract between himself and J. A. Farnsworth, Hal N. Harris, and J. J. Farnsworth; and claiming that this contract was well known to the plaintiff when he tried to purchase the property. The defendant further charged a fraudulent collusion on the part of Farnsworth, a partner under the contract, and Fields, a creditor and son-in-law of the plaintiff, the purpose of which was to illegally obtain possession of the partnership property and convert it to their own particular use, and especially to pay a debt of Farnsworth to Fields, to enable Farnsworth to avoid accounting to the defendant as a partner, and to defraud the creditors of the partnership which defendant claimed was created by the contract. He denied that the sale to McKinney was real, but insisted that it was a mere colorable transaction; and that if any sale was made, it could only be subject to the partnership contract referred to, and subject to all of his equities and rights thereunder, and that McKinney could only buy such interest in the business as J. A. Farnsworth had.

Upon the interlocutory hearing the court granted the following order, to which Peek excepted:

"This matter coming on for an interlocutory hearing at Ringgold, Ga., on the 8th day of February, 1910, upon due order there-

for, upon both parties being present and represented by counsel, and after hearing the testimony, both by affidavits and orally, it is ordered by the court as follows:

"1st. The court being of the opinion that the sale of the property in question to L. W. McKinney was a bona fide sale for the full value of the place, that the consummation of said sale is to the interest of all parties to this proceeding, it is directed that the said sale be consummated and completed, that the possession of said property be given to said McKinney.

"2. That F. T. Hardwick be and he is hereby appointed receiver of the Goodwood Dairy described in plaintiff's petition; said receiver is directed to take charge of the unpaid balance of the purchase-money on said place after paying the Earl Field debt and of any notes or other evidence of indebtedness belonging to the Goodwood Dairy, and hold the same until further order of the court.

"3. John A. Farnsworth and all other creditors of the Goodwood Dairy are allowed to intervene in this proceeding, setting up any rights, liabilities, or other facts or relations affecting their rights, growing out of said transaction; and if the said Farnsworth or any creditor fails or refuses to intervene as aforesaid, it is further ordered that the receiver bring such failure to the attention of the court (that proceedings may be had to compel such intervention) within thirty days from this date.

"4. It is further ordered by the court that the eviction proceeding formerly filed by McKinney be dismissed by him, as a condition to the relief here granted to him.

"5. It is further ordered that the said Peek, upon surrendering the possession of the said Goodwood Dairy Farm to the said McKinney, file with the court a full statement of his account since the first day of January, 1910, up to the time of taking possession of said farm by said McKinney."

*C. D. & F. K. McCutchen,* for plaintiff in error.

*Maddox, McCamy & Shumate,* contra.

BECK, J. (After stating the foregoing facts.) The order granted in this case, in regard to important and material issues, is clearly, in its nature, final, and could have properly been granted only upon a final hearing; it was not competent for the court to finally dispose of such issues upon the interlocutory hearing. And

inasmuch as those portions of the order and judgment of the court which are objectionable on the ground first stated are so interwoven with the other portions of the injunctive order passed which are interlocutory in their nature that the latter can not be separated from the objectionable portions, so as to present to this court the question as to whether so much of the judgment of the court as was interlocutory in its nature was erroneous, the entire order and judgment must be set aside and the case be remanded for a new hearing.

*Judgment reversed. All the Justices concur.*