WASHINGTON TRUST CO. *v.* PITTSBURG-BARTOW MINING &C. CO.
*et al.*

BECK J. 1. Under the pleadings and the evidence submitted on the hearing, the court did not abuse his discretion in refusing the interlocutory injunction as prayed by the plaintiff in its petition.

2. It appearing that the mortgagee, a corporation, as trustee for another corporation and as holder of a certain mortgage which contained a power of sale, was proceeding to exercise this power by advertising the property mortgaged in the newspaper in which it was provided in the mortgage that the advertisement should appear, and that the contingency, upon the happening of which the right to advertise and sell the property under the mortgage should accrue, had actually happened, and there being no evidence, save certain hearsay testimony without probative value, of any collusion on the part of the mortgagee or the beneficiary with the mortgagor, or of any inequitable conduct on the part of the trustee or the beneficiary, or of any hardship that would be inflicted other than that ordinarily resulting from the foreclosure of a mortgage and the exercise of a power of sale like that contained in this mortgage, the court erred in granting the injunction prayed for in the cross-petition of the defendants, which had the effect of destroying the plain legal right of the mortgagee to proceed in the exercise of the power of sale as contained in the mortgage itself.

3. In so far as the order granted by the judge provided for the restraining of the mortgagee in exercising the power of sale contained in the mortgage and provided for the payment of the indebtedness secured by the mortgage in certain installments by persons holding under the mortgagor and conducting mining operations upon the lands included in the mortgage, under agreements made with the mortgagor, the order was of the nature of a final injunction and granted relief final in its nature, although it was stated in the order that it should continue of force "until the further order of the court," and the court was without authority to grant such an order on interlocutory hearing.

*Judgment reversed in part, and affirmed in part. Fish, C. J., absent. The other Justices concur.*

MARCH 15, 1911. REHEARING DENIED APRIL 14, 1911.

Injunction. Before Judge Fite. Bartow superior court. September 26, 1910.

*Thomas W. & Watt H. Milner,* for plaintiff.

*John T. Norris,* for defendants.