(88 Misc. Rep. 266)

### WITTEMANN BROS. v. WITTEMANN CO. (Action No. 1.)

(Supreme Court, Special Term, Kings County. December, 1914.)

1. LIBEL AND SLANDER (§ 80*)—COMPLAINT—SUFFICIENCY—INNUENDOES—INSOLVENCY.

Where the complaint in an action for libel set forth a communication sent by the defendant manufacturer to plaintiff's customer reading: "The carbonating system installed for you * * * by W. (thereby meaning this plaintiff) is an infringement; * * * you * * * should have a valid bond protecting you * * * against any patent suits, * * * executed not by an irresponsible company or individual, but by a perfectly solvent concern or individual"—it sufficiently stated that defendant thereby made an attack on plaintiff's financial standing; the question whether or not defendant intended that the statements should apply to plaintiff, or should convey an innocent meaning, being for the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. § 80.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LIBEL AND SLANDER (§ 71*)—DEFENSE—INTENT.

A contention that the alleged libelous words were intended to convey an innocent meaning will not avail defendant, except in mitigation of damages, where the jury are satisfied that ordinary bystanders or readers would certainly have understood them in the other sense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 173; Dec. Dig. § 71.*]

3. COURTS (§ 489*)—JURISDICTION—PATENTS—STATE AND FEDERAL COURTS.

While under Judicial Code (Act March 3, 1911, c. 231), c. 2, § 256, subd. 5, 36 Stat. 1100 (U. S. Comp. St. 1913, § 1233), federal courts have exclusive jurisdiction of an action, the main purpose of which is to establish a patent, or enjoin an infringement, or recover damages for infringement, the state courts are not thereby prohibited from passing on patents, their validity or infringement, or their nature or extent, where the injury arises merely as an incidental part of an action for libel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 404, 1324–1330, 1333–1341, 1372–1374; Dec. Dig. § 489.*]

4. LIBEL AND SLANDER (§ 101*)—BURDEN OF PROOF—INFRINGEMENT OF PATENT—PRIVILEGED COMMUNICATION.

In an action for damages from a libelous communication sent by defendant company to plaintiff's customer, charging plaintiff with infringing defendant's patent in connection with the article sold, the burden was on plaintiff to show, not merely that the article was not an infringement, but that defendant knew that it was not and that its statement was false, since, if defendant acted under an honest, though mistaken, belief, the communication would be privileged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 150, 273, 275–280; Dec. Dig. § 101.*]

5. LIBEL AND SLANDER (§ 139*)—SPECIAL DAMAGES—PLEADING.

In an action for slander of title to property, plaintiff must plead special damages..

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 393–396; Dec. Dig. § 139.*]

6. LIBEL AND SLANDER (§ 139*) — COMPLAINT — SPECIAL DAMAGES — SUFFICIENCY OF ALLEGATION.

In an action for damages from a libelous communication sent by defendant to plaintiff's customer charging plaintiff with infringement of a patent, an allegation of the complaint that plaintiff was obliged thereby to deduct $300 from its contract price was insufficient as an allegation of special damage, where it appeared that plaintiff was not legally bound to make any deduction.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 393–396; Dec. Dig. § 139.*]

Action by Wittemann Bros. against the Wittemann Company. On demurrer to complaint. Overruled.

Holm, Whitlock & Scarff, of New York City, for plaintiff.
Clifford Seasongood, of New York City, for defendant.

CRANE, J. The plaintiff and the defendant are each engaged in the business of manufacturing machinery for brewers. The defendant evidently has letters patent covering certain machines or parts thereof, but it is not alleged that the plaintiff has any such patent. Prior to December of 1912 the plaintiff installed its carbonating system under contract for the Keystone Brewing Company, of Dunmore, Pa., and thereupon the defendant sent a communication to that com-

pany which is the basis of this action for libel. The plaintiff sets it forth, with innuendoes, as follows:

"The carbonating system installed for you (thereby meaning the Keystone Brewing Company) by Wittemann Bros. (thereby meaning this plaintiff) is an infringement, and it must lead to patent litigation from us (thereby meaning the defendant) in the near future; you (thereby meaning the Keystone Brewing Company) should have a valid bond protecting you (thereby meaning said brewing company) against any patent suits and damages thereunder executed not by an irresponsible company or individual, but by a perfectly solvent concern or individual; our (thereby meaning defendant's) carbonating process for breweries is covered by an absolutely valid and substantiated patent in regard to the absolute preservation of the aromatic qualitative properties of the gas collected."

The defendant has demurred to the complaint as stating insufficient facts to constitute a libel, and also because the Supreme Court has not jurisdiction of such a cause.

[1, 2] There are two charges in the alleged libel which must be dealt with separately, and the first is that which is said to attack the plaintiff's financial standing. The words are:

"You should have a valid bond protecting you against any patent suits and damages thereunder executed not by an irresponsible company or individual, but by a perfectly solvent concern or individual."

As much harm may be done by words carrying a patent insinuation or suggestion as by direct statements or charges. The plaintiff had sold and installed the carbonating system for the Keystone Brewing Company, and it might very reasonably be expected that if the latter was to look for protection against infringement suits brought by the defendant it would turn to the plaintiff for that protection. It certainly would not bond itself at its own expense, but would demand of the plaintiff such security. Neither would it be supposed that the plaintiff, if a responsible business concern, would furnish the bond of a surety company or of individuals, but would give its own written guaranty or obligation. When, therefore, the defendant wrote that the Keystone Brewing Company should have security executed not by an irresponsible company, but by a solvent concern, it is a natural assumption that it had reference to the plaintiff's financial condition. It used words which would reasonably convey such a meaning to a customer desiring no trouble or loss. The force of suggesting or insinuating statements was not lost to the dramatist who gave us Iago, and the law cannot close its eyes to their deadly possibilities. It may be that the defendant intended to make no reference to the plaintiff, and that the words only apply to sureties other than the plaintiff; but if the language is ambiguous, and capable of an innocent as well as of a harmful meaning, the question becomes one for the jury to settle. Demos v. New York Evening Journal Publishing Co., 210 N. Y. 13–19, 103 N. E. 771. It is of no avail for the defendant to urge, except in mitigation of damage, that he intended the words to convey an innocent meaning, if the jury are satisfied that the ordinary bystanders or readers would certainly have understood them in the other sense. Newell Lib. & Slan. (2d Ed.) 769. The plaintiff therefore sets forth a sufficient cause of action in libel under this first charge.

[**3**] As to the second charge, the plaintiff alleges that, having installed the carbonating system for the Keystone Brewing Company, the defendant notified that company in writing that the system was an infringement, which must lead to litigation by the defendant, as its carbonating process for brewers is covered by an absolutely valid and substantial patent; and the plaintiff further alleges that these statements made by the defendant were absolutely false, and known to be false, and made maliciously, with the intent to injure the plaintiff in its business. The demurrer to this part of the complaint is that the state courts have no jurisdiction to try such a cause, as the District Courts of the United States, by section 256 of chapter 2 of the Judicial Code, subdivision 5, have exclusive jurisdiction of all cases arising under patent right laws of the United States. A determination of this point turns upon whether this case arises under the patent law, or whether the question of patent rights is merely incidental to a cause over which the state court has jurisdiction. The state court is not prohibited from passing upon patents, their validity or their infringement, their nature or extent, when the inquiry arises as an incidental part of a case properly triable in a state court. Where the main purpose, however, of the action, whatever its form, is to establish a patent or to enjoin infringement, or to recover damages for infringement, the state courts have no jurisdiction. See Middlebrook v. Broadbent, 47 N. Y. 443, 7 Am. Rep. 457; Saxton v. Dodge, 57 Barb. 84, 115; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255–261, 18 Sup. Ct. 62, 42 L. Ed. 458; Snow v. Judson, 38 Barb. 210.

[**4**] This action is not brought to sustain any patent rights of the plaintiff, for it has none so far as the pleadings go; neither is it brought to invalidate defendant's patent. It is an action in the nature of a willful and malicious injury to property, and is based upon the allegations that the defendant, having a patent, or else knowing that it had no patent, falsely and maliciously and willfully charged the plaintiff with infringing its patent, well knowing that its words were false. Willful deceit is the gravamen of the action. Thus the plaintiff cannot recover by merely showing that its article is not an infringement; it must go further, and show that the defendant knew it was not an infringement, and knew the falsity of its statement. If the defendant, honestly believing that the plaintiff was an infringer of its patent, sent out notices to users stating the fact, and warning them against further use, there would be no cause for libel if it should subsequently appear that the defendant was in error. The statements would be in the nature of privileged communications. Wren v. Weild, L. R. 4 Q. B. 730; Hovey v. Rubber Tip Pencil Co., 57 N. Y. 119–125, 15 Am. Rep. 470. I therefore conclude that the state court has jurisdiction of a case based upon a willful, malicious, false statement of infringement, as the main case is for malicious injury, and the infringement or validity of the patent, if any, a collateral issue. A judgment for the defendant in such a case would not establish its patent, or prove the plaintiff an infringer, as such a judgment might be based upon lack of malice.

[**5, 6**] Special damage, however, must be pleaded and proved in an action for slander of title to property. Linden v. Graham, 8 N. Y.

Super. Ct. 670; Bailey v. Dean, 5 Barb. 297; Kendall v. Stone, 5 N. Y. 14; Childs v. Tuttle, 48 Hun, 228; Germproof Filter Co. v. Pasteur Co., 81 Hun, 49, 30 N. Y. Supp. 584. This action, so far as it is based upon this second charge of infringement, is in the nature of a slander of title, and the complaint must plead special damage. Alleging that the plaintiff was obliged to deduct $300 from its contract price does not allege any damage, as the plaintiff could have enforced its contract at law, and was not legally bound to make any deduction. The complaint, therefore, is good in so far as the alleged libel states insolvency, and it is bad under the charge of infringement for failure to plead special damage.

As the complaint does state a good cause of action, the demurrer must be overruled, with $10 costs, and leave given to plead anew.

Demurrer overruled, with $10 costs, with leave to plead anew.