## LARS J. HALIN v. FRANK E. DAHLGREN.[1]

November 9, 1923.

No. 23,625.

**Evidentiary allegations stricken from complaint.**

1. The complaint alleged a wanton, wilful and malicious conversion of a tractor and other farm machinery. Allegations stating the circumstances of the conversion, evidentiary of the character of it, were properly stricken as redundant.

**Allegations of special damages stricken from complaint.**

2. The complaint alleged that the plaintiff had purchased on contract a half section of land in Saskatchewan; that in farming the land he was to use the converted farm machinery which he had purchased of the defendant; that without it he could not farm; that he was financially unable to get other machinery; that by the profits of his farming he was to pay for the land; that the defendant knew the circumstances; and that by reason of the conversion he was unable to farm in the years 1920, 1921 and 1922, whereby he lost profits, and so lost his land, and suffered special damages. The special damages, both as to the loss of profits from farming, and the consequent loss of the farm, were speculative and conjectural and the allegations were properly stricken as irrelevant.

Action in the district court for Marshall county to recover $6,800 special damages and $5,000 exemplary damages for the conversion

[1]Reported in 195 N. W. 765.

of farm machinery. From an order, Grindeland, J., granting defendant's motion to strike out certain portions of the complaint, plaintiff appealed. Affirmed.

*Eriksson & Converse*, for appellant.

*Julius J. Olson* and *Rasmus Hage*, for respondent.

DIBELL, J.

Action for the conversion of a tractor and certain other farm property. The trial court, on motion of the defendant, struck out certain portions of the complaint as redundant and irrelevant. The plaintiff appeals.

1. The complaint alleged the wilful, wanton and malicious conversion by the defendants of a tractor and other farm machinery. This was a sufficient pleading to permit proof of a wanton, wilful and malicious conversion. Vine v. Casmey, 86 Minn. 74, 90 N. W. 158. The allegations stricken, so far as they bore upon the issue, stated in great detail the circumstances surrounding the conversion. They were allegations of facts evidentiary of the character of the conversion, unnecessary in a pleading, and were properly stricken as redundant.

2. The complaint alleged that the plaintiff had purchased on contract a half section of land in Saskatchewan; that he was to use the farm machinery purchased of the defendant in farming it; that without such machinery he could not farm; that he was financially unable to get other machinery; that only by farming the land and getting profits could he pay for it; that the defendant was cognizant of these facts; that by reason of the conversion of the machinery he was unable to farm during the years of 1920, 1921 and 1922, and so he lost his profits, and by consequence his land; and that by such loss he sustained damages in the sum of $6,800.

The anticipated profits were conjectural and speculative, and within our decisions not recoverable. It has been held that profits anticipated from the operation of a threshing machine, prevented by its conversion, are conjectural. Cushing v. Seymour, Sabin & Co. 30 Minn. 301, 15 N. W. 249. The same holding was made when the issue arose upon the recovery of damages in replevin. Williams

v. Wood, 55 Minn. 323, 56 N. W. 1066. The plaintiff had no established farm business. He was opening a half section of land for cropping. Whether he would have profits was uncertain and contingent. Many factors would affect the result. Our decisions, just cited, probably in harmony with the holdings over the country, have on principle limited the damages in cases like this to the value of the converted property, and denied loss of profits as too conjectural and speculative. The plaintiff's loss of his farm through his inability to make profits by his farming so that he might pay the unpaid portion of the purchase price is still more remote. See O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601, 39 Am. St. 615.

Allegations as to the loss of property, and damages incurred through the loss of the land consequent on the loss of profits, were rightly stricken as irrelevant.

Order affirmed.