## JUSTICE *v.* WARNER *et al.*

ATKINSON, J. This is a suit to enjoin eviction under a dispossessory warrant, obtained under the Civil Code, § 5385, providing for eviction of a tenant for failure to pay rent, etc.; also to cancel a deed to the defendant made in pursuance of sale of the property under a power of sale contained in a security deed executed by the plaintiff, at which the defendant became the purchaser. The alleged ground for cancellation was that the sale occurred in violation of an existing injunction. At interlocutory hearing, after introduction of evidence, the judge dismissed the suit, dissolved the previous restraining order, and allowed the plaintiff ten days in which to file bond in the dispossessory proceeding. The exception is to this judgment. *Held:*

1. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Civil Code, § 4522.

2. Since passage of the act approved August 25, 1925 (Ga. L. 1925, p. 97), amending the Civil Code, § 5630, a judge may rule upon a demurrer to a petition for injunction at an interlocutory hearing, even before the appearance term. *Wilder* v. *Thompson*, 169 *Ga.* 812 (151 S. E. 806); *Ward* v. *Parks*, 166 *Ga.* 149 (142 S. E. 690); *Meena* v. *Piedmont Realty Co.*, 173 *Ga.* 844 (162 S. E. 144). This, however, does not authorize the judge at an interlocutory hearing, after introduction of evidence in a case which seeks both an injunction and cancellation of a deed, to render a judgment dismissing the entire case. *Rosenberg* v. *Wilson*, 154 *Ga.* 625 (115 S. E. 7). The cases of *Peek* v. *McKinney*, 135 *Ga.* 430 (69 S. E. 574), and *Washington Trust Co.* v. *Pittsburg-Bartow Mining &c. Co.*, 136 *Ga.* 180 (71 S. E. 125), were decided prior to the act of 1925, supra.

3. The court, having obtained jurisdiction for cancellation of the deed, will retain jurisdiction for injunctive relief to protect the plaintiff's possession the right to which depended on validity of the deed.

4. An assignment of error on admission of evidence, which fails to state that it was admitted over objection urged before the court, and the specific grounds of objection that were then stated to the court, does not present any question for decision.

5. Under the pleadings and the evidence the judge erred in dismissing the case at interlocutory hearing.

*Judgment reversed. All the Justices concur, except Hutcheson, J., disqualified.*

No. 9615. FEBRUARY 24, 1934.

*George B. Rush,* for plaintiff. *Neal G. Goss, Craighead & Craighead,* and *Dwyer & Dwyer,* for defendants.