# HAYWARD FARMS COMPANY v. UNION SAVINGS BANK & TRUST COMPANY.[1]

May 24, 1935.

No. 30,313.

*Nels Quevli,* for appellant.

*E. H. Nicholas,* for respondent.

LORING, JUSTICE.

This is an appeal from a judgment entered by order upon the pleadings after certain parts of the complaint had been by the same order stricken out upon motion.

The complaint grounds its claim for damages solely upon "malicious interferences" with business alleged to have been suffered in connection with the making of a loan by defendant to plaintiff, its alleged wrongful foreclosure, and thereafter an alleged slander of

[1]Reported in 260 N. W. 868.

title. The complaint was very long, and numerous lengthy exhibits were attached thereto. The motion to strike out covered 14 paragraphs and part of another paragraph which alleged that defendant agreed to lend plaintiff $13,500 on certain land and thereafter raised groundless objections to the title.

It appears from the complaint and the exhibits attached thereto and the plaintiff's correspondence before the court on the motion that plaintiff sought a large loan on 600 acres of land in order to refinance a number of encumbrances and liens thereon. The negotiations resulted in an agreement on May 3, 1930, that the defendant would lend the $13,500 but would withhold $3,000 thereof to protect it against a claim then in suit by the commissioner of banks acting for the Great Northern State Bank. The $10,500 appears to have been adequately and promptly accounted for to the plaintiff. Many valid objections were raised to the title and were ultimately overcome. The suit by the commissioner was settled and dismissed in October of that year and the $3,000 fully accounted for. Plaintiff conceded as much in a letter before the court upon the motion. A careful examination of the record discloses ample justification for the trial court's action in striking out the allegations referred to. Plaintiff claims that no part of a complaint may be stricken as sham. But if such part neither states a cause of action nor assists other parts in so stating, the allegations become irrelevant and may properly be stricken. Halin v. Dahlgren, 157 Minn. 100, 195 N. W. 765. Irrelevant and redundant matter is more objectionable in a complaint than in an answer. Gutta Percha & Rubber Mfg. Co. v. Holman, 150 App. Div. 678, 135 N. Y. S. 766.

We come to the claim that the mortgage was wrongfully foreclosed. We do not find that to be the case. It appears from the record that there was an apparent $371.25 default in the payment of interest and $581.87 of delinquent taxes. Plaintiff in its correspondence conceded that both the interest and taxes were to be paid by an attorney who was collecting for its president certain moneys assigned to him by Mrs. Quevli. This attorney was one of the firm of attorneys who later conducted the foreclosure for defendant. Certainly, while he was acting as a collector for plaintiff,

a failure to collect and to pay defendant was not chargeable to defendant. Obviously the default existed, and the foreclosure was not wrongful. Whether it was foreclosed for the right amount of default is not a question before us on plaintiff's theory of the case.

The element of slander of title is also lacking in essentials. The language complained of was a statement that plaintiff had been unable to pay the interest and taxes and had lost the land on foreclosure. At that time the year of redemption had not run, and the land was not lost. Nevertheless the statement told what had occurred and was true in other respects. It stated the facts about as the ordinary man would have expressed them. Slander of title is not an ordinary action for defamation. It is in the nature of trespass on the case for the recovery of special damages. Quevli Farms, Inc. v. Union Savings B. & T. Co. 178 Minn. 27, 226 N. W. 191. Here no special damages were properly alleged. Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68, 59 Am. R. 335.

Careful analysis of the complaint as a whole, with the numerous letters and documents annexed as exhibits, discloses no cause of action for malicious interference with business. The case is clearly distinguishable from Sorenson v. Chevrolet Motor Co. 171 Minn. 260, 214 N. W. 754, 84 A. L. R. 35, where a malicious interference with plaintiff's contract rights by one of the defendants was alleged, and from Canellos v. Zotalis, 145 Minn. 292, 177 N. W. 133, where a profitable sale by plaintiff was thwarted by defendant. Here we find defendant charged in the final analysis with doing only what it legitimately might do or should have done to protect its own interests.

Judgment affirmed.