### LUKE v. ELLIS et al.

BELL, Chief Justice. 1. An order which merely requires the plaintiff to amend to meet demurrers, general or special, does not ipso facto work a dismissal of the suit; and this is true even though no amendment is offered. Accordingly, unless the order goes further and actually dismisses the petition, or provides by its terms for automatic dismissal in the future on failure to amend, it will take a second or additional order to dismiss the action. *Georgia Railway and Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300); *Bagley* v. *Bagley,* 194 *Ga.* 154 (20 S. E. 2d, 760); *Smith* v. *Bugg,* 35 *Ga. App.* 317, 319 (133 S. E. 49).

2. It necessarily follows that, where the court, on considering demurrers to a petition, passes an order providing that unless the plaintiff amends his petition in certain particulars on or before a specified date the suit stand automatically dismissed, the order is dual in character, in that the part requiring amendment is merely interlocutory in character and subject to exceptions pendente lite, while the part providing for automatic dismissal in the future will constitute a final judgment ending the case if no amendment is filed. Under such an order, however, the petition whether amended or not, would remain pending until the effective date of the dismissal, so that no writ of error could be sued out before that time. *Peyton* v. *Rylee,* 191 *Ga.* 40 (11 S. E. 2d, 195); *Upshaw* v. *Ragsdale,* 192 *Ga.* 11 (14 S. E. 2d, 486); *City of Hapeville* v. *Jones,* 194 *Ga.* 57 (20 S. E. 2d, 599); *Sellers* v. *McNair,* 42 *Ga. App.* 731 (157 S. E. 373).

3. In the instant case, the plaintiff sued to cancel a deed alleged to have been made by him to his former wife and their children, praying also for injunction and receiver. A general and special demurrer was filed by the defendants. The judge, acting in vacation under the Code, § 81-1002 (Ga. L. 1925, p. 97) passed an order on April 20, 1946, providing "that, unless said petition be amended to meet said demurrers, and a copy of said alleged divorce proceedings attached to such amendment, on or before May 4, 1946, plaintiff's said suit stand automatically dismissed without further order." The plaintiff did not amend, and did not except pendente lite, but presented a final bill of exceptions on May 23, complaining of such order. A motion was made to dismiss the writ of error on the ground that the bill of exceptions was not tendered within 30 days from April 20, the date on which such chambers or vacation order was passed. *Held,* that since the petition remained pending until May 4, the effective date of the automatic dismissal, the plaintiff had 30 days from that date in which to present a final bill of exceptions *complaining of such dismissal.* See Code, § 6-902, and cases cited in the preceding paragraph.

(*a*) However, since the plaintiff did not except pendente lite to the interlocutory part of the order, adjudging on April 20 that the petition was subject to dismissal as a whole unless amended in the respects indicated, and since the bill of exceptions on which the writ of error was issued was tendered more than 30 days after that date, no review of such interlocutory part of the order can be made, and it must therefore be treated as the law of the case, requiring automatic dismissal on May 4, for failure to amend. As to law of the case, see *Smith* v. *Atlanta Gas-Light Co.*, 181 *Ga.* 479 (5) (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills*, 188 *Ga.* 488, 490 (1) (4 S. E. 2d, 181); *Jones* v. *Butler*, 191 *Ga.* 126 (12 S. E. 2d, 326); *Burruss* v. *Burruss*, 196 *Ga.* 813 (27 S. E. 2d, 748); *Darling Stores Corp.* v. *Beatus*, 197 *Ga.* 125 (28 S. E. 2d, 124). As to time, see Code, §§ 6-901, 6-902; *Kelley* v. *Collins and Glennville R. Co.*, 154 *Ga.* 698 (1) (115 S. E. 67); *Hurt* v. *Barnes*, 140 *Ga.* 743 (2) (79 S. E. 775).

(*b*) Under the preceding rulings, while the writ of error will not be dismissed, as moved by the defendants in error, the judgment must be affirmed. *Fouché* v. *Harison*, 78 *Ga.* 359 (6) (3 S. E. 330).

4. None of the following cases cited for the plaintiff in error would authorize a different result in the instant case, especially in view of the rulings made above as to the necessity of exceptions pendente lite: *Arteaga* v. *Arteaga*, 169 *Ga.* 595 (4) (151 S. E. 5); *Justice* v. *Warner*, 178 *Ga.* 579 (2) (173 S. E. 703); *Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537 (34 S. E. 2d, 811). In connection with *Justice* v. *Warner*, supra, see *Hardin* v. *Baynes*, 198 *Ga.* 683 (32 S. E. 2d, 384).

*Judgment affirmed. All the Justices concur.*

No. 15555. OCTOBER 11, 1946.

484

*Elsie H. Griner* and *William Story,* for plaintiff in error.
*Jack Knight* and *J. P. Knight,* contra.