## 31829. GOLUCKE *v.* GREENE.

Felton, J. "Where the court, on considering demurrers to a petition, passes an order providing that unless the plaintiff amends his petition in certain particulars on or before a specified date the suit stand automatically dismissed, the order is dual in character, in that the part requiring amendment is merely interlocutory in character and subject to exceptions pendente lite, while the part providing for automatic dismissal in the future will constitute a final judgment ending the case if no amendment is filed. Under such an order, however, the petition whether amended or not, would remain pending until the effective date of the dismissal, so that no writ of error could be sued out before that time." *Luke* v. *Ellis*, 201 *Ga.* 482 (40 S. E. 2d, 85), and cases cited. Therefore, in the instant case, where the court on September 26, 1947,

entered an order stating that, instead of sustaining one of the grounds of the demurrer and dismissing the petition, it would allow the plaintiff until November 1, 1947, to amend by striking the paragraph of the petition asking for double rent or else the petition "is to be considered dismissed," and the plaintiff refused to amend, and tendered her bill of exceptions which was certified by the court on October 14, 1947, and brought to this court for review, we are, under the rulings of both this court and the Supreme Court, constrained to hold that the exception is not to the final judgment, and though this court would have been inclined to treat the exception as one pendente lite it would avail the plaintiff nothing as the time for an exception to the final judgment has expired. Consequently the writ of error is dismissed.

*Writ of error dismissed. Sutton, C. J., and Parker, J., concur.*

### ON MOTION FOR REHEARING.

The plaintiff in error insists that the facts of this case take it out of the rule announced in the opinion. In the bill of exceptions it is stated that the plaintiff in error elects not to file an amendment within the time allowed therefor. It is contended that the statement as to this election accelerates the finality of the judgment and estops the plaintiff in error from later amending. In the cases cited, which have held that such a judgment as we have here cannot be excepted to before the date on which it was to become final by order of the trial judge, an effort was made to except to the final judgment before the final date set by the trial judge. Neither this court nor the Supreme Court has ever said that such an exception constituted an election or an estoppel. To our minds the import of the decisions is that the complaining party cannot by any action of his or hers accelerate the date of the finality of the judgment fixed by the trial judge. Therefore the statement that an election was made would make no difference. A party cannot alter the date of the final judgment nor "create" an estoppel in his or her own favor. Under the rulings of the courts, if a good amendment is offered after the effort to except and before the expiration of the time allowed therefor, the court would have to allow it, and if it is not good it would be an acquiescence in the ruling requiring an amendment. The complaining party has two choices: one to amend to meet the order, the other to await the date when the order becomes final and then except to the final judgment. If there is to be an extended time given to amend, there must be an exception pendente lite to the part of the order adjudging an amendment necessary. See *Luke v. Ellis*, 201 *Ga.* 482 (supra). Orders and judgments to take effect in the future have caused and will continue to cause confusion, but so long as they are rendered, parties in excepting to them must conform to the rules laid down by the Supreme Court. We know of no relief that can be granted by this court. *Rehearing denied.*

DECIDED JANUARY 28, 1948. REHEARING DENIED FEBRUARY 19, 1948.

*Osgood O. Williams, Noel P. Park,* for plaintiff.
*Pierce Brothers,* for defendants.