**MIDWESTERN DEVELOPMENTS, INC.,**
Appellant,

v.

The **CITY OF TULSA, OKLAHOMA,** a
municipal corporation, Appellee.

No. 7239.

United States Court of Appeals
Tenth Circuit.

June 3, 1963.

Robert J. Woolsey of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., for appellant.

John Robert Seelye, Tulsa, Okl. (Charles E. Norman, City Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

PER CURIAM.

Appellant-plaintiff sued to quiet title to land in Oklahoma and asserted federal jurisdiction on the ground that the controversy arose under the laws and treaties of the United States, specifically the so-called "Enid and Anadarko Act."[1] The appellee-defendant moved to dismiss for lack of jurisdiction. At a hearing on the motion the appellant-plaintiff sought to amend its complaint.

The appeal must be dismissed because the record contains no appealable order. At the conclusion of the hearing the court denied leave to amend and ruled that the court had no jurisdiction. Thereafter, a deputy clerk signed an order dismissing the action. The record discloses no authority for the making of such an order by the clerk. A clerk is a ministerial officer and may not assume judicial powers. The purported order of dismissal is a nullity.

An order dismissing a complaint but not dismissing the action is nonappealable.[2] In Crutcher v. Joyce, 10 Cir., 134 F.2d 809, 813–814, this court held that when a motion to dismiss a complaint is sustained and the plaintiff does not desire to amend, he should announce his election to stand on his pleading, let

---

1. Act of February 28, 1902, c. 134, 32 Stat. 43. In argument the appellant also relies on the Treaty with the Creek Indian Nation, Art. V, 14 Stat. 785, 787–788, and the Act of March 2, 1899, c. 374, 30 Stat. 990.

2. Martinez v. Flores, 9 Cir., 299 F.2d 888, 889.

a final order or judgment be entered dismissing the action, and then appeal from that order or judgment. In the case at bar the plaintiff specifically requested permission to amend to set forth additional allegations establishing federal jurisdiction. In spite of the provisions of Rule 15(a), F.R.Civ.P., that leave to amend "shall be freely given when justice so requires," [3] the court denied such leave. We suggest that on remand the court reconsider the application to amend and that if the application is denied the court state its reasons for such denial.

Appeal dismissed.

3. See also Wyoming Construction Company v. Western Casualty and Surety Company, 10 Cir., 275 F.2d 97, 104, certiorari denied 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011.