421 P.2d 788

Harriet GARVER and Robert W. Hillmeyer, Plaintiffs-Appellants,

v.

PUBLIC SERVICE COMPANY OF NEW MEXICO, Defendant-Appellee.

No. 7939.

Supreme Court of New Mexico.

Dec. 12, 1966.

Courtney Vallentine, Albuquerque, for appellants.

W. A. Keleher, William B. Keleher, Albuquerque, for appellee.

PER CURIAM.

The opinion issued in this cause on October 17, 1966, is withdrawn and the following opinion substituted therefor. The Motion for Rehearing is otherwise denied.

OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

This is an appeal by plaintiffs from an order dismissing their amended complaint. The parties will be referred to as plaintiffs and defendant and by their proper names.

The plaintiffs' complaint was filed on August 20, 1963. Answer thereto was

filed September 23, 1963. On March 15, 1965, defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted.

The motion was heard on March 15, 1965, and an order sustaining the motion was entered on March 22, 1965, whereby the complaint, which had been amended by certain interlineations, was dismissed and leave given the plaintiffs to file an amended complaint within ten days from the entry of the order.

On April 2, 1965, the plaintiffs filed their amended complaint. On April 13, 1965, defendant filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted.

The court entered an order of dismissal on June 4, 1965, wherein he found the motion to be well taken, and whereby he ordered the amended complaint dismissed. However, he further ordered " * * * that plaintiffs may, if they desire, file a second amended complaint within ten days from the entry of this order, otherwise said cause is dismissed with prejudice."

The plaintiffs elected not to file a second amended complaint, but proceeded to perfect their appeal from the order of dismissal by filing their notice of appeal on June 7, 1965.

The first question to be considered is whether or not the appeal was prematurely taken. It is the position of defendant that since the order of June 4 dismissed the complaint with leave to amend within ten days from the entry of the order, otherwise the cause was dismissed with prejudice, this order was not final and thus not appealable until the ten days had elapsed. It particularly relies upon the cases of Midwestern Dev., Inc. v. City of Tulsa, 319 F.2d 53 (10th Cir.1963); Luke v. Ellis, 201 Ga. 482, 40 S.E.2d 85; Golucke v. Greene, 76 Ga.App. 521, 46 S.E.2d 515; Javor v. Brown, 295 F.2d 60 (9th Cir.1961); Atwater v. North American Coal Corp., 111 F.2d 125 (2d Cir.1940); Cory Bros. & Co. v. United States, 47 F.2d 607 (2d Cir. 1931). The defendant must fail in this contention. Rule 5(2) of the Rules of the Supreme Court of New Mexico, which appears as § 21-2-1(5) (2), N.M.S.A.1953, provides in part:

> "Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgments, orders, or decisions * * *."

The particular form of judgment, order or decision is of no consequence, so long as it can be ascertained therefrom what rights, if any, of the respective parties have been determined thereby. Welch v.

Reese, 82 Cal.App. 27, 255 P. 250; United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721, 73 A.L.R.2d 235. See also annotation 73 A.L.R.2d 250 for a general discussion and citation of authorities on the matter of the formal requirements of a judgment or order as regards appealability.

■ The order of dismissal, by granting plaintiffs leave to file a second amended complaint within ten days, if they so desired, was interlocutory in nature, but by its own terms it would become final at the end of ten days, unless plaintiffs in the meantime should file a second amended complaint. Nothing remained to be done to make the order final. In our opinion, this was an interlocutory order which practically disposed of the merits of the action. Only the plaintiffs, by filing a second amended complaint, could prevent the order from becoming final. When they filed their notice of appeal they elected not to further amend, but to stand on their amended complaint.

We have heretofore reached a like result in the application of Rule 5(2) in Roeske v. Lamb, 38 N.M. 309, 32 P.2d 257; Farmers Oil Co. v. State Tax Comm., 41 N.M. 693, 73 P.2d 816; Cox v. Shipe, 44 N.M. 378, 102 P.2d 1115.

■ Defendant next contends that the trial court was without jurisdiction to consider the first amended complaint, and

this court is without jurisdiction to consider the appeal from the order of dismissal of June 4, because the order of March 22 dismissed the original complaint, with leave granted plaintiffs to file an amended complaint within ten days, and the amended complaint was not filed until the 11th day.

This order provided " * * * that the Complaint as amended is dismissed, with leave by the Plaintiffs to file an Amended Complaint within Ten days from the entry of this order."

Defendant's argument is that if the plaintiffs had the right to appeal from the interlocutory order of June 4, then they had the right to appeal from the interlocutory order of March 22, and their time for appeal commenced as of that date. In any event, when the ten days from March 22 had expired, then the time for appeal began to run, and the plaintiffs failed to take an appeal from this order.

The defendant must fail in this contention. It cites as its authorities the cases of Miller v. Doe, 70 N.M. 432, 374 P.2d 305, and Associates Discount Corp. v. De-Villiers, 74 N.M. 528, 395 P.2d 453.

A reference to Miller v. Doe shows that the question of the timeliness of appeal therein related to the time for an appeal from a final judgment, as provided in Supreme Court Rule 5(1), which appears as § 21–2–1(5) (1), N.M.S.A.1953. The timeliness of the appeal from a final judgment under Supreme Court Rule 5(1) was also

involved in the case of Associates Discount Corp. v. DeVilliers, supra.

The order of March 22 was an interlocutory order from which an appeal could have been taken under Supreme Court Rule 5(2), but plaintiffs elected to amend their complaint rather than appeal from this order. This order, unlike the order of June 4, did not make provision for a final dismissal of the cause at the termination of the ten-day period, and no subsequent final order or judgment was ever entered effecting a dismissal of the cause pursuant to the order of dismissal of the complaint. As was argued by defendant under its first contention above, there is a distinction between a dismissal of a complaint with leave to amend, and a final order or judgment of dismissal of the cause. See Midwestern Dev., Inc. v. City of Tulsa, supra; Luke v. Ellis, supra; Golucke v. Greene, supra; Javor v. Brown, supra; Atwater v. North American Coal Corp., supra; Cory Bros. & Co. v. United States, supra.

■ The amended complaint was treated as having been properly and timely filed. No one at any time in the court below raised any question as to its timeliness. The trial court and the parties all proceeded accordingly. The defendant took no action to have an order or judgment of dismissal entered, and did not move to have the amended complaint stricken. The question of the timeliness of the filing of the amended complaint was first raised by de-

fendant in this court in argument on its motion to dismiss the appeal from the June 4 order.

Defendant concedes that even if we were to consider this order of March 22 as a final order, the trial court could have relieved plaintiffs from the same under Rule 60(b), Rules of Civil Procedure, which appears as § 21-1-1(60) (b), N.M.S.A.1953, but it says no application by plaintiffs for such relief was made. The court by its conduct relieved plaintiffs from their obligation to file the amended complaint within ten days, and the defendant, by its conduct, concurred in the action of the court and thereby waived any right it may have had to object to the late filing.

This now brings us to the question of the correctness of the trial court's dismissal of the amended complaint. The motion recites that it seeks a dismissal of the amended complaint for failure to state a claim, but it also gives as additional grounds for the motion: (1) that if there has been a trespass by defendant, plaintiffs are limited to their remedy under § 22-9-11, N.M.S.A.1953, and (2) that plaintiffs have failed to join as parties to this action the person or persons who were the owners of the property * * * at the time the alleged trespass took place and that person or persons are indispensable parties to this suit.

The amended complaint is set forth in but one count, which consists of twenty-

nine numbered paragraphs, the prayer, and five exhibits, totaling some fourteen pages in length. As we understand the complaint and plaintiffs' contentions, they are that plaintiffs are entitled to recover for (1) trespasses by defendant upon the plaintiffs' premises, (2) negligent failure of defendant to properly maintain an electric power line across plaintiffs' premises, and (3) slander of title to plaintiffs' premises. They seek both compensatory and punitive damages.

■ The trial court apparently was of the opinion that plaintiffs could not recover for the alleged trespasses upon the premises, and that their only remedy, if any, was limited to a recovery of just compensation for property taken or damaged for public use by an action in the nature of inverse condemnation. This is the position taken by defendant in its motion and in its answer brief. With this we agree, and we also agree that the amended complaint failed to state a claim upon which relief could be granted, except for the matter of alleged negligence in the maintenance of one of the lines, which is hereinafter discussed.

It is alleged by plaintiffs, and there is no question concerning the same, that the defendant is a public utility engaged in the distribution of electric current through its lines to its consumers and is clothed with the power of eminent domain, and that its lines serviced properties adjoining plaintiffs' property.

Article II, § 20 of the Constitution of New Mexico provides: "Private property shall not be taken or damaged for public use without just compensation."

■ By this constitutional provision, the right to just compensation is clearly given to a person whose property is taken or damaged for public use. Summerford v. Board of Com'rs, 35 N.M. 374, 298 P. 410.

In Zobel v. Public Service Co., 75 N.M. 22, 399 P.2d 922, we held the defendant in that case, which is the same defendant as in the present case, was authorized under § 68–1–4, N.M.S.A.1953, to enter upon the lands of the appellants, and that § 22–9–11, N.M.S.A.1953, afforded her the exclusive means for the ascertainment and payment of her damages. Section 22–9–11, N.M. S.A.1953, provides as follows:

"Property damaged by any corporation for public use—Action by owner.—In case property is to be, will be, or has been by any corporation damaged for public use, any person interested may have such damages ascertained. The proceedings for ascertaining and paying such damages shall be the same as are and may be provided by law for assessing damages which owners of land may sustain in consequence of its appropriation for railroad purposes."

The holding in the Zobel case that the statutory remedy is deemed exclusive is in accord with the holdings in other jurisdic-

tions in which there may be a constitutional taking of property by virtue of an exercise of the power of eminent domain prior to the payment of compensation. See Nichols, Eminent Domain, § 28.1 (1965), and the many cases therein cited, including the Zobel case.

The plaintiffs seek to avoid the holding in the Zobel case in that there the defendant had commenced a separate action to condemn the lands, and in that we stated in that case:

"* * * We think the correctness of the ruling of the court depends entirely upon the character of the entry by the appellee [defendant]. Obviously, entry was made incidental to the action taken by appellee. * * *"

Section 22–9–11, N.M.S.A.1953, clearly indicates it was intended to confer the remedy of inverse condemnation in a situation such as here presented, and was not intended as a limitation of remedies only in situations in which the condemnor has initiated condemnation proceedings.

The right to recover just compensation is conferred by article II, § 20 of the Constitution of New Mexico. It is suggested in Summerford v. Board of Com'rs, supra, that the ordinary civil action affords a remedy to enforce such right, but we need not here decide this question. The right is clearly conferred by the constitution and by the statute, and a remedy to enforce this right is clearly conferred by the statute.

The fact that the defendant did not initiate condemnation proceedings is not a proper basis upon which to say the owner, or other interested party, is not limited to the right to recover just compensation. If property has been actually taken or damaged for public use, as in this case, and the person or agency taking or damaging the same for such purpose has failed for some reason to proceed by condemnation proceedings to exercise the power of eminent domain, though vested with that right, the remedy of inverse condemnation is available to secure the recovery of just compensation. State by and through State Highway Comm. v. Stumbo, 222 Or. 62, 352 P.2d 478, 2 A.L.R.3d 1028; Martin v. Port of Seattle, 64 Wash.2d 309, 391 P.2d 540, cert. denied, 379 U.S. 989, 85 S.Ct. 701, 13 L.Ed.2d 610.

To hold that the Zobel case and this case can properly be distinguished in principle, merely because the defendant in the Zobel case had initiated condemnation proceedings in a separate action, would be to detract from the significance of our holding in the Zobel case that:

"* * * It follows that the appellant [plaintiff] was relegated to the eminent domain statutes for recovery of both actual and consequential damages, and that she cannot assert a common law action for damages. * * *"

We are also of the opinion that because defendant may have entered onto

the premises under an easement, which plaintiffs allege was invalid, does not make wrongful that which the defendant could have properly done pursuant to the authority granted it under § 68–1–4, N.M.S.A. 1953. The holding in the case of Benjamin v. American Tel. & Tel. Co., 196 Mass. 454, 82 N.E. 681, cited by plaintiffs, and the holding of the Massachusetts court in the subsequent case of Phelps v. Berkshire St. Ry., 210 Mass. 49, 96 N.E. 128, which reaffirmed the holding in the Benjamin case, in no way are contrary to our holding.

In the Benjamin case it is expressly stated that defendant relied upon a deed from a tenant in common as the basis of defendant's claimed right to construct, operate and maintain its lines over the premises in question. This deed was held to be void as to the co-tenant and as to the plaintiff, who was the grantee of the co-tenant. The matters of eminent domain and of a remedy by inverse condemnation are not even mentioned. The same is true of the opinion in the Phelps case.

■ These cases stand for the proposition that one who purchases real estate after a trespass has been committed thereon, cannot maintain an action for such prior trespass, but may recover for trespasses which continue after the purchase. We agree, but our holding is that the defendant had the right to enter the premises and to construct and maintain its lines thereon. A taking under this right is inconsistent with trespass.

■ The defendant did have the duty to properly construct its lines and the obligation to justly compensate for the taking. There is no question here involved concerning improper construction.

■ Since plaintiffs were not the owners of the land, and had no interest therein, at the time of the entry and taking by defendant, they cannot maintain a claim for compensation for the taking. Mesich v. Board of County Com'rs, 46 N.M. 412, 129 P.2d 974. By the express provisions of § 22–9–22, N.M.S.A.1953, the right of recovery in a situation such as in this case does pass to a grantee, but as of the time of the purchase by plaintiffs of the land here in question, this section of our statute expressly provided that it was not applicable to any power or transmission line. The 1965 amendment to this statute, in addition to making other changes, deleted the exceptions.

■ The defendant also had the duty to properly maintain its lines to avoid injury or damage to others, including the plaintiffs. Its failure to comply with this duty was actionable as a common law tort. See Zamora v. Middle Rio Grande Conservancy Dist., 44 N.M. 364, 102 P.2d 673; Amber v. Cain, 110 N.W. 1053 (Iowa 1907). A public utility, like anyone else, is responsible for damages resulting from its

wrongful conduct. See Crespin v. Albuquerque Gas & Elec. Co., 39 N.M. 473, 50 P.2d 259; Mares v. New Mexico Public Serv. Co., 42 N.M. 473, 82 P.2d 257; Southwestern Public Serv. Co. v. Artesia Alfalfa Growers' Ass'n, 67 N.M. 108, 353 P.2d 62.

■ Plaintiffs alleged that defendant permitted one of its lines to sag; that this sagging line constituted a dangerous and vexatious interference with the construction of a garage; that defendant wrongfully failed and refused for some time to remove the sagging line, although demand to so do was made upon defendant by plaintiffs on numerous occasions; and that plaintiffs sustained damages as a result of such conduct of defendant. We are of the opinion that these allegations of a wrongful breach of defendant's duty are sufficient to withstand a motion to dismiss.

The final claim made by plaintiffs is that they are entitled to recover for slander of their title to the premises in question. This claim is predicated upon allegations that defendant wrongfully filed of record an instrument purporting to give defendant an easement to construct and maintain power transmission and communications lines across plaintiffs' premises.

We have carefully reviewed all allegations contained in the lengthy amended complaint which in any way relate to the claim for slander of title, and are of the opinion that the same fails in at least one

essential particular to state a claim upon which relief can be granted. By this we do not mean to suggest that the claim is otherwise sufficiently stated, but only that having found the claim deficient in this one essential, we need not further consider the sufficiency of this claim.

■ Although the cases are not in accord as to what may be considered as constituting special damages, and some few cases have held general damages are recoverable in an action for slander of title based upon the wrongful recording of unfounded claims to an interest in plaintiff's property, the great weight of authority is to the effect that special damages are essential to a cause of action for slander of title. Cronkhite v. Chaplin, 282 F. 579 (8th Cir. 1922); Berryman v. Sinclair Prairie Oil Co., 164 F.2d 734 (10th Cir. 1947); Jarrett v. Ross, 139 Tex. 560, 164 S.W.2d 550; Barquin v. Hall Oil Co., 28 Wyo. 164, 201 P. 352, 202 P. 1107; Barkhorn v. Adlib Associates, Inc., 203 F.Supp. 121 (D. Hawaii 1962); Hayward Farms Co. v. Union Savings Bank & Trust Co., 194 Minn. 473, 260 N.W. 868; Dent v. Balch, 213 Ala. 311, 104 So. 651; Houston Chronicle Pub. Co. v. Martin, 5 S.W.2d 170 (Tex.Civ.App. 1928); 53 C.J.S. Libel and Slander § 276, p. 395; 33 Am.Jur., Libel and Slander, § 350, p. 314. See also Restatement of the Law of Torts, Vol. III § 633 at 347 and the annotations in 150 A.L.R. 716 and 39 A.L.R.2d 840, § 7 at 855.

Rule 9(g) of the Rules of Civil Procedure for the district courts of the State of New Mexico, which is identical with Rule 9(g) of the Federal Rules of Civil Procedure, and which appears as § 21–1–1(9) (g), N.M.S.A.1953, provides: "When items of special damage are claimed, they shall be specifically stated."

Although not a case for slander of title, this court in Del Rico Co. v. New Mexican, Inc., 56 N.M. 538, 246 P.2d 206, discussed at length the necessity and manner of pleading with particularity special damages in a libel suit, and in any action on the case in which the pleading and proof of special damages are essential to recovery. See also the following authorities to the effect that special damages must be pleaded as well as proved in a suit for slander of title. Wittemann Bros. v. Wittemann Co., 88 Misc. 266, 151 N.Y.S. 813; Dent v. Balch, supra; Houston Chronicle Pub. Co., supra; Barkhorn v. Adlib Associates, Inc., supra; 53 C.J.S. Libel and Slander § 278e(2) (b) at 400; 33 Am.Jur., Libel and Slander, § 356 at 317.

The allegations of damages for claimed slander of title in plaintiffs' amended complaint are:

"The aforesaid slander of title has damaged the plaintiffs an estimated $5,-000.00 and if allowed to continue will damage the plaintiffs further in an as yet unknown amount."

These allegations in general terms of damages claimed to have been sustained, and to be sustained in the future, fail to meet the requirement that special damages must be specifically stated.

The other matters urged upon us by the parties have been considered, but we find them to be without merit.

It follows from what has been stated that the trial court erred in dismissing the amended complaint, because it does state a claim for damages for alleged wrongful maintenance of one of defendant's lines. The order of dismissal is reversed and the cause remanded to the district court for further proceedings consistent herewith.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.