**P. J. HANRATY, Plaintiff-Appellant,**

v.

**R. M. OSTERTAG et al., Defendants-Appellees.**

No. 72–1455.

United States Court of Appeals, Tenth Circuit.

Dec. 26, 1972.

Rehearing Denied Jan. 24, 1973.

ond on common law fraud, and the third on violations of § 17 of the Securities Act of 1933, as amended, 15 U.S.C. § 77q, and § 10(b) of the Securities Exchange Act of 1934, as amended, 15 U. S.C. § 78j. Defendants moved to dismiss, asserting that the first two counts are cognizable only under a nonexistent diversity of citizenship and that count three does not plead a claim under either the Securities Act or the Securities Exchange Act. The district court, without giving any reasons, held that it did not have jurisdiction and dismissed the complaint. The plaintiff appealed, and on May 24, 1971, we dismissed the appeal for lack of an appealable order. See Midwestern Developments, Inc. v. City of Tulsa, Oklahoma, 10 Cir., 319 F.2d 53.

On December 21, 1971, the plaintiff moved for leave to file a first amended complaint and attached to the motion a copy of the new complaint. On April 24, 1972, the district court denied leave to file the amended complaint and dismissed the action. Plaintiff took this appeal.

Plaintiff says that under Rule 15(a), F.R.Civ.P., it may amend once as a matter of course before a responsive pleading is filed and that a motion to dismiss is not a responsive pleading. We agree that a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). See Breier v. Northern California Bowling Proprietors' Ass'n, 9 Cir., 316 F.2d 787, 789. The circuits are in disagreement on whether Rule 15(a) is subject to the qualification that the plaintiff may not amend after the court has dismissed the complaint except on leave of court. Compare United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453, 454, and Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, 94, with Fuhrer v. Fuhrer, 7 Cir., 292 F.2d 140, 142. In the circumstances presented we find that it is not necessary to consider whether leave must be obtained or, if such leave is required, to consider

George F. Saunders, Oklahoma City, Okl. (Milton R. Elliott, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Robert W. Henry, Clayton, Mo. (Wilbur A. Sale, St. Louis, Mo., on the brief), for defendants-appellees.

Before BREITENSTEIN, SETH and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case presents procedural and jurisdictional problems. The trial court dismissed the action, and this appeal followed. The complaint, filed on October 7, 1970, contains three counts. The first is based on breach of contract, the sec-

whether the district court in denying leave abused its discretion.

Without regard for the procedural errors or the responsibility therefor, the fact is that plaintiff has not had appellate consideration of whether his complaint, original or amended, is within federal court jurisdiction. The only difference in the two complaints is the arrangement of the counts. In the original complaint the SEC count is last and in the amended complaint it is first. Because of the lack of diversity, federal jurisdiction depends on the SEC count. We turn to consideration of that count.

The allegations of the original and the amended complaints are, for our purposes, the same except for an unimportant rearrangement. Plaintiff owned 86 shares of nonvoting Class B common stock of Ostertag Optical Service, Inc., a Missouri corporation. These shares were acquired and held under various agreements which the plaintiff had with some or all of the defendants and which related to restrictions, limitations, and reacquisition rights. Upon the representations alleged to be false, plaintiff exchanged the 86 shares for 8,600 shares of common stock of Ostertag Optical Service, Inc., a Nevada corporation. The exchange is asserted to have resulted in a diminution of the value of plaintiff's holding, contrary to his contract rights and in furtherance of defendants' scheme to defraud him. The mails and other instrumentalities of interstate commerce were used to consummate the exchange.

The SEC count charges violations of § 17 of the Securities Act of 1933, as amended, 15 U.S.C. § 77q, which relates to fraudulent interstate transactions. Defendants point out that § 77q says that the exemptions provided in § 77c shall not apply to § 77q. They argue that the exemptions noted in § 77d apply and that one of those exemptions is a transaction by an issuer "not involving any public offering." The argument is tenuous because § 77d says that § 77e shall not apply to the transactions exempted by § 77d. Section 77e prohibits use of interstate facilities or the mail unless a registration statement is in effect. Here we have no registration statement problem, and the applicability of the exemption of § 77d is at least doubtful.

■ Be that as it may, the complaint neither affirms nor denies the fact of a public offering. The only reference thereto is in the unverified and unsupported motion of the defendants to dismiss, wherein it is said "there is no allegation that any stock was ever offered for sale to the public or that any stock was ever sold to the public." One claiming an exemption has the burden of proving its availability. Chapman v. Dunn, 6 Cir., 414 F.2d 153, 159; see also Woodward v. Wright, 10 Cir., 266 F.2d 108, 115. That burden is not sustained by an unsupported allegation in a motion to dismiss.

■ Plaintiff also charges violations of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, and of SEC Rule 10b–5 relating to fraudulent practices. Defendants deny applicability on the grounds that the alleged transactions relate to internal corporate mismanagement. We are concerned with both sale and purchase of a security. By the exchange plaintiff sold his stock in the Missouri corporation and bought stock in the Nevada corporation. He alleges that the transactions resulted from fraudulent misrepresentations on which he relied and that the individual defendants breached a fiduciary duty owed to him. Violators of Rule 10b–5 "are not immunized from civil liability for their unlawful acts merely because these acts were committed as part of a broader scheme of corporate mismanagement." Herpich v. Wallace, 5 Cir., 430 F.2d 792, 808. It may be that Congress by enacting § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, did not seek to regulate transactions which comprise no more than internal corporate mismanagement, but that is not the situation on the record presented. We read that section and Rule 10b–5 to bar deceptive devices and contrivances in the purchase

or sale of securities whether in the organized market or face to face. A controlling stockholder owes a fiduciary obligation to protect "the entire community of interests" in the corporation. Superintendent of Insurance of New York v. Bankers Life & Casualty, Co., 404 U.S. 6, 12, 92 S.Ct. 165, 30 L.Ed.2d 128. The complaint alleges that certain of the individual defendants owned 100% of the Class A voting stock of the Missouri corporation and controlled both the Missouri and Nevada companies. In our opinion the complaint states a claim under § 10(b) and Rule 10b–5.

The federal claim has a "common nucleus of operative fact" with the nonfederal claims, and, accordingly, the federal court has pendent jurisdiction over the nonfederal claims in the interests of judicial economy and convenience of the parties. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218; see also Boggess v. Hogan, N.D.Ill., 328 F.Supp. 1048, 1053.

Reversed and remanded for further proceedings in the light of this opinion.